ᶠPOWERS, Defendant in Error, *vs.* HEATH'S ADMINISTRATOR , *et al.*, Plaintiffs in Error.

1. The assignee of a note given for part of the consideration of a contract of sale will not be affected by a subsequent judicial rescision of the contract in a proceeding to which he was not a party.

### *Error to Morgan Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*P. R. & E. R. Hayden* and *J. W. Morrow*, for plaintiff in error, among others, made the following points : 1. Powers having failed to set up the rescision of the contract as a defence at law is forever precluded. ( *Cadwalader* v. *Atchison*, 1 Mo. Rep. 470. 2 Mo. Rep. 77. 3 Mo. Rep. 321.) 2. Browder's intestate being a *bona fide* assignee of the note sued upon, could not be affected by the decree rescinding the contract, being no party to that proceeding. 3. The statutes of this state forbid an injunction in this case. (R. C. 1845, p. 314, §9, p. 582.)

*Wright* and *Gardenhire*, for defendant in error, among others, made the following points : 1. The nature of respondent's defence was not changed by the assignment. He can make the same defence to the judgment as he could have made had it been rendered in favor of the original holder of the note. (R. C. 1845, p. 191, §4.) This section was intended to embrace equitable as well as legal defences, ( *Barton's Adm'r* v. *Rector*, 7 Mo. Rep. 524,) and is equally available against.

the judgment, as against the note on which it was rendered. Ib. 2. The respondent is not precluded by his failure to make the defence at law. (1 Story's Eq. p. 81, §64 *i.* 7 Ves. 18, 19. 9 Ves. 467–8–9. 3 Bibb, 255–6. 7 Mo. Rep. 524. 11 Mo. Rep. 433. *West* v. *Wayne,* 3 Mo. Rep. 13. 9 Mo. Rep. 273–4. Ib. 336. 8 Mo. Rep. 625.)

SCOTT, Judge, delivered the opinion of the court.

This was originally a proceeding to obtain an injunction restraining the enforcement of a judgment obtained on a note, given in part payment for a tract of land conveyed to Powers, the defendant in error, on the ground of a failure of the consideration. Browder, the plaintiff in error, held the note as the representative of Jonas Heath, deceased, to whom it had been assigned. While this suit was pending, Powers, the defendant in error, who was plaintiff in the proceeding for an injunction, filed an amended petition, in which he sets up as a ground of relief against the judgment at law, the fact that the note, the foundation of the judgment, was given in part payment of the purchase money for parcels of land, the contract for the sale of which had been entirely rescinded by a judicial decree. This amended petition does not show that the suit which resulted in the decree for the rescision of the contract, had been instituted before the note giving rise to this controversy had been assigned to Browder's intestate, who was no party to that proceeding.

It appears that the original ground for the injunction was waived by the amended petition. It was so regarded by the parties, as the record and the finding of the court show that, on the trial below, the matter set up in the amended petition was alone investigated. As the amended petition does not allege that the contract was rescinded before the note was assigned, and as the fact is not so found by the court, Powers does not show himself entitled to the relief he seeks, unless the law is, that the rescision of the contract affected a prior assignee of the note ; for, as he is asking relief from a judgment at law, he must show affirmatively the existence of the facts which en-

title him to that relief. The burden is on him to prove that the consideration of the note was destroyed by the decree, and that it had not been assigned at the time of the institution of the suit, which resulted in a recision of the contract. As this fact was not shown, the only question presented by the record for our consideration is, whether a prior assignee of a note which is a part of the consideration of a contract of sale, which has been entirely rescinded by a proceeding to which he was no party, is affected by such proceeding.

1. We confess we can see no principle by which an assignee of a note could be affected by a decree in a suit to which he was no party. There is nothing, in our view, which relieves this case from the operation of the general rule which protects the rights of every individual against proceedings to which he is no party. The decree rescinding the contract was a nullity as to the assignee of the note. Before he could be affected, the merits of the controversy in which the decree was rendered, should have been reinvestigated in a proceeding to which he was made a party.

The case of *Heath* v. *Powers*, (9 Mo. Rep. 774,) (the syllabus of which fails to state the point in the cause,) goes on the idea that an assignee, in cases like the present, is not bound by proceedings to which he is no party. The note here was assigned in writing, and the statute in force at the date of the assignment made such an assignment a transfer of the legal interest in the note, and enabled the assignee to sue in his own name. This placed him in a stronger position than was occupied by the plaintiffs in the cases of *Dawson* v. *Coles*, (16 John. R. 51,) and *Burton* v. *Dees*, (4 Yerg.) in which it was held that a mere equitable assignee was not bound by a judgment in a suit on a note in the name of the assignor, after an assignment made prior to the institution of the suit. (3 Cow. & Hill's notes, 975.)

Judge Ryland concurring, the judgment will be reversed, and the bill dismissed.