R. H. LOONEY v. JAMES B. SIMPSON ET AL.

No. 152.

1. **Parties—Foreclosure—Removal of Cloud.**

While it is the general rule that a claimant of land under a different title from that under which the mortgagor held is not a proper party to a foreclosure suit, yet where it may be necessary in order to render a sale available, to remove a cloud from the title, it is allowable to join in the foreclosure suit the parties holding the adverse claim, and to obtain a decree condemning such title. See example............. 111

2. **Same.**

Such proceeding is analogous to a suit in which a creditor seeks to have a fraudulent conveyance set aside in order that property so conveyed may be sold at a fair price. In such suit the adverse claimant is a proper and necessary party....................................... 112

3. **Res Adjudicata.**

See example where judgment condemning title to land against the maker and the payee of vendor's lien notes was not conclusive against the bona fide holder of such notes not a party to the suit................. 112

ERROR to Court of Civil Appeals for Second District, in an appeal from Parker County. Justice STEPHENS, being disqualified, did not participate in the decision by the Court of Civil Appeals.

Simpson brought this suit against C. H. Milliken, Sam H. Milliken, Cynthia Daniels, and R. H. Looney, seeking judgment against C. H. Milliken as maker and S. H. Milliken as endorser on four promissory notes, and to foreclose a vendor's lien on two tracts of land described in the petition. The petition states that the notes were given by C. H. to S. H. Milliken, and for the purchase money of the lands; that the notes were made in 1887; that in February, 1888, Sam H. Milliken sold and transferred the notes to one Lafayette Fitzhugh, and that in 1890 Fitzhugh sold and transferred them to the plaintiff; that Cynthia Daniels and R. H. Looney set up some sort of spurious title and claim to the lands on which plaintiff has a lien to secure the payment of his notes; and that plaintiff's lien is superior to any claim or right which they may have. The defendant Looney filed his amended original answer December 28, 1891, in which he, after sundry exceptions to plaintiff's petition, set up judgment obtained by Cynthia Daniels against S. G. Kerr, Sam H. Milliken, C. H. Milliken, and the Scottish American Mortgage Company. He alleged that Cynthia Daniels commenced her suit on the 4th of April, 1888, and prosecuted it to judgment, and cancelled the patent issued to S. H. Milliken, and that Cynthia Daniels had transferred her right to Looney, and that he had obtained a patent on the lands on which plaintiff sought to foreclose his lien. Defendant averred that this judgment was res adjudicata and binding on the plaintiff in this suit.

To this answer the plaintiff replied, that Lafayette Fitzhugh bought the notes in suit from S. H. Milliken on the 16th day of February, 1888, before the date of the institution of the suit by Mrs. Cynthia Daniels against S. G. Kerr et al., and that plaintiff in 1890 bought the notes of Fitzhugh; that neither Fitzhugh nor plaintiff were parties to the Daniels suit, and were not bound thereby. Plaintiff also at length set up, that the certificate by virtue of which the land was patented to S. H. Milliken was issued to one William B. Price, in 1870, by virtue of a special act passed by the Legislature in 1870 for the relief of W. B. Price, because he was a resident citizen of Texas on the 2nd day of March, 1836, unmarried, and over 17 years old, and had never received his quota of land; that in 1883 the Legislature validated the grant of the certificate to Price; that Price was in fact a resident citizen of the Republic on the 2nd day of March, 1836, unmarried, and over 17 years old; that the certificate was lawfully issued to Price; that the patent to S. H. Milliken as assignee of W. B. Price was lawfully issued to him in October, 1877, and appropriated the land; that plaintiff's lien for the security of the purchase money under that patent was older and superior to the title of Daniels or Looney. On the trial plaintiff proved the transfer of the notes to Fitzhugh from S. H. Milliken to have taken place on the 16th of February, 1888, prior to the institution of the suit of Daniels v. Kerr et al. on the 4th of April, 1888. The plaintiff further proved that W. B. Price was a resident citizen of the Republic of Texas on the 2nd day of March, 1836, and prior thereto; and the court found as a conclusion of law that the patent issued to Sam H. Milliken, as assignee of W. B. Price, in 1870, was lawfully issued, and appropriated the land, and that the plaintiff was not bound by the judgment rendered in the case of Daniels v. Kerr et al.

The court found for plaintiff as against C. H. Milliken, and foreclosed the lien; the plaintiff dismissed as to Mrs. Daniels; the court found for S. H. Milliken, and adjudged that plaintiff's lien was superior to Looney's title, and foreclosed the lien. Looney appealed. The judgment was affirmed by the Court of Civil Appeals. [From brief for defendant in error.]

The grounds of error relied upon in the petition for writ of error are substantially:

1. The Court of Civil Appeals erred in holding that there was not a misjoinder of causes for action, as is complained of.

2. The court erred in holding, in effect, that Simpson's plea of innocent purchaser of the notes sued on was an answer to the facts pleaded by Looney in his defense.

3. The court erred in holding that Simpson, as holder of the vendor's lien notes, is not bound by the judgment in Daniels against the Millicans and Kerr, and in holding Simpson's lien superior to the title of Looney.

*B. G. Bidwell*, for plaintiff in error, cited:  Rev. Stats., arts. 1187, 4784; McCamly v. Waterhouse, 80 Texas, 340; Arndt v. Griggs, 134 U. S., 316; Railway v. Graves & Co., 50 Texas, 181; Gains v. Chew, 2 How., 619; Walker v. Powers, 104 U. S., 245; Girardin v. Dean, 49 Texas, 243; Cook v. Burnley, 45 Texas, 97; Russell v. Farquhar, 55 Texas, 355; Philipowski v. Spencer, 63 Texas, 604; Litchfield v. Goodnow's Admr., 123 U. S., 549; Cassaday v. Frankland, 55 Texas, 452; Foster v. Powers, 64 Texas, 247; Hamblen v. Folts, 70 Texas, 132; Stephens v. Mathews, 69 Texas, 341; Blum v. Looney, 69 Texas, 1; Pome. Eq. Jur., sec. 1260.

*G. A. McCall*, for defendants in error.—1.  In foreclosure suits, all parties having an interest in the suit may be made parties.  Adams v. Cook, 55 Texas, 161; Teas v. McDonald, 13 Texas, 351; Jones v. Ford, 60 Texas, 129.

2.  No one is a privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit; as to such an one, the judgment is res inter alios adjudicata.  Morrow v. Morgan, 48 Texas, 307; Philipowski v. Spencer, 63 Texas, 604; Parks v. Jackson, 25 Am. Dec., 655; Gibler v. Trimble, 14 Ohio, 323; Irving v. Smith, 17 Ohio, 226; Clarkson v. Morgan, 6 B. Mon., 441; Fogarty v. Sparks, 22 Cal., 142; 6 Wait's Act. and Def., 788, 790; Newman v. Chapman, 14 Am. Dec., 777, note; Powers' Admr. v. Heath, 20 Mo., 319; Freem. on Judg., sec. 162; Hunt v. Haren, 62 N. H., 162; Schmeltz v. Gary, 49 Texas, 49.

3.  Even though Fitzhugh had been made party to the suit of Daniels v. Kerr et al., yet Simpson could still have pleaded and proved he was an innocent purchaser of the notes for value and without notice.  Bassett v. Goathwaite, 22 Texas, 232; Warren Co. v. Macry, 97 U. S., 109; Dan. on Neg. Inst., secs. 800a–803.

STAYTON, CHIEF JUSTICE.—The holder of the notes executed by C. H. Milliken for the purchase money of the land, not having been made a party to the suit brought by Cynthia Daniels against the county surveyor and Sam H. and C. H. Milliken, was not bound by the judgment therein rendered, and therefore had the right to enforce the vendor's lien against the land.

The general rule doubtless is, that a claimant of land under a different title from that under which the mortgagor held is not a proper party to a foreclosure suit; but we are of opinion, under the facts of this case, that plaintiff in error was properly made a defendant in this suit, the purpose of which is to foreclose vendor's lien on land to which Sam H. Milliken had valid title at the time he sold and received the notes sued upon to secure the purchase money.  His title to the land was then good; but

after that the vendor of plaintiff in error brought an action against him, and obtained a judgment which could not lawfully have been rendered had the facts now shown been established on the trial of that cause.

That judgment operates as a cloud upon the title, which the holder of the purchase money notes has the right to have declared inoperative against his right to have the land, with title as it stood when the notes were executed, sold to satisfy his claim; for otherwise the land would not sell for a fair price, unless a purchaser could be found who was willing to risk his own judgment and pay a fair price for it in the face of the claim now asserted by plaintiff in error, that all title Sam H. Milliken ever had was swept away by the judgment rendered in favor of Cynthia Daniels.

· The same reasons exist for clearing the title before sale in this case as exist in a cause in which a creditor seeks to have a fraudulent conveyance set aside in order that property so conveyed. may be sold at a fair price; and to such a suit the adverse claimant is both a proper and necessary party.

That suits for purpose last mentioned may be maintained is well settled. Lynn v. Le Gierse, 48 Texas, 140; Shaw v. Dwight, 84 Am. Dec., 275; Freem. on Ex., 424.

The pleadings of the respective parties set forth the facts on which plaintiff in error relies to defeat the relief sought by the plaintiff; and in view of the entire record there can be no doubt of the correctness of the judgments rendered by the District Court and Court of Civil Appeals, and their judgments will be affirmed.

*Affirmed.*

Delivered June 4, 1894.