36 473
44 201

MARGARET C. LOGAN, APPELLANT, VS. GEORGE W. STIEFF, APPELLEE.

RES ADJUDICATA—PARTIES AND PRIVIES—PURCHASERS' RIGHTS UNDER FORECLOSURE SALE.

1. Where land that has been mortgaged, the mortgage thereon being duly recorded, is subsequently sold for taxes assessed thereon after the execution of such mortgage, and a tax deed is made to the purchaser at such tax sale, and the mortgagor afterwards files a bill against such purchaser to have such tax deed annulled as being a cloud upon his title, which suit results in a decree in favor of such tax purchaser, adjudging his tax deed to be valid; and the mortgagee subsequently forecloses his prior mortgage and acquires a deed to the land at the foreclosure sale, such mortgagee is in no way affected or bound by the decree rendered in the former suit between the mortgagor and such tax purchaser, he not having been a party thereto; and to a suit subsequently brought against him by such mortgagee to annul such tax deed, the tax purchaser can

not successfully plead his former decree against the mortgagor as being *res adjudicata* of the mortgagee's rights, even though the same issues were involved in such former suit.

2. It is well settled that no one is privy to a judgment, whose succession to the rights of property thereby affected occurred previously to the institution of the suit in which the judgment was rendered. No alienee, grantee, assignee or mortgagee is bound or affected by a judgment or decree in a suit commenced by or against the alienor, grantor, assignor or mortgagor subsequent to the alienation, grant, assignment or mortgage, to which he is not a party.

3. The title acquired by foreclosure of a mortgage relates back to the date of the mortgage.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*Beggs & Palmer*, and *Percy Jackson*, for Appellant.

*A. F. Odlin*, for Appellee.

TAYLOR, J.:

Margaret C. Logan, the appellant, on the 21st day of November, 1890, filed her bill in equity in the Circuit Court of Orange county against George W. Stieff, the appellee, alleging therein that on the 3d day of April, A. D. 1884, one Irene R. Harrington and her husband Arthur N. Harrington, being indebted to her in the sum of $2,500, executed and delivered to her a mortgage upon Lot No. 17, in Block C, of the Mitchell survey of the Levy grant in said county, which mortgage was recorded on the 4th day of April, 1884, in said county. That said mortgage not being paid at maturity the same was foreclosed in the year 1890 by a final decree of foreclosure, and that on the sale day in November, 1890, the mortgaged property was sold

under said decree and purchased by her; that said sale was duly confirmed, and the master appointed to make the sale executed a deed of conveyance to her for said premises. That said property was sold by the collector of revenue for said county on the 7th day of May, A. D. 1888, for State and county taxes assessed thereon for the year 1887, to one R. H. Ramsey, who assigned the certificate of tax purchase to one Frank S. Lewis, trustee, who in turn assigned the same to one George S. Perry. That on the 22d of June, 1889, a tax deed to said property was issued by the Clerk of the Circuit Court of Orange county to said George S. Perry upon said certificate of tax sale, and that on the 16th day of July, 1889, the said Perry executed a quit-claim deed of said property to the defendant George W. Stieff. Various irregularities and defects are alleged as to the assessment of the land, the advertisement or notice of sale, and in the certificate of sale and in the deed, and as to the authority of the collector to sell, none of which is it necessary here to enumerate further. That said tax deed and quit-claim deed are clouds upon her title acquired under said mortgage foreclosure. That said land is wild and unoccupied. That she has tendered to the defendant through his attorney the amount of the purchase money, interest and costs thereon, but that the same was refused, and that she is ready and willing to pay the same at any time. The bill prays that said tax deed may be cancelled and declared to be null and void.

To the bill the defendant interposed the following pleas: 1st, That the complainant at the time of the filing of the said bill was not in possession of the land described in said bill, and which is claimed by her, and that she is not now in the possession of the same.

2d. That Irene R. Harrington, in her life-time, to-wit: on the 22d day of August, A. D. 1889, by Clarence J. Hicks, her next friend, while claiming to be in possession of said land and the owner thereof in fee simple as her statutory separate property under the laws of the State of Florida, exhibited her bill in equity in this honorable court against the defendant, and also against other defendants under whom this defendant claims, in which said bill the husband of the said Irene R. Harrington, the said Arthur R. Harrington, joined as a co-complainant, and in and by said bill there was sought (with other relief) the same relief touching the same matters and things embraced in the present bill of said complainant Margaret C. Logan. That several answers were filed to the said former bill of said Irene R. Harrington *et al.* by all the defendants therein on the rule day in October, A. D. 1889. That after the death of the said Irene R. Harrington, on the 4th day of November, A. D. 1889, and the qualification of her executor (the said Arthur N. Harrington) on the 9th day of December, A. D. 1889, the said cause was by a decretal order of this honorable court, ordered to proceed, the said executor becoming and being the sole complainant. That thereafter on the 12th day of December, A. D. 1889, said cause was by the complainant set down for hearing on bill and answers before the judge of this honorable court; and thereafter on the 20th day of said December, said cause was heard and a final decree made adjudging the title of this defendant to the said premises claimed by him to be absolute, good and valid as against said executor, and ordering his said bill to be dismissed, a copy of which said decree is attached to this plea and marked "exhibit A," and this defendant asks that the same may be deemed to be a part hereof. Whereof this defend-

ant says that the matters and things set forth in said present bill have been heretofore adjudicated by this honorable court in favor of this defendant in a suit brought by the only person or persons then competent to sue this defendant touching said matters and things. That said matters and things were adjudicated in a suit between this defendant and the person or persons under whom the said complainant Margaret C. Logan claims said premises, and that said decree is a bar to any suit by said Margaret C. Logan against this defendant touching said matters and things. 3d. That the title of this defendant to the said real estate by him claimed is based upon assessments of taxes thereon due to the State of Florida and the county of Orange, and that the lien of said assessment is superior to all other liens created by individuals and to all claim of title based on liens last described, and that the same is especially superior to the claim of title of the said complainant Margaret C. Logan as set forth in said present bill. That the validity of said assessment and of the tax title of this defendant based thereon has been adjudicated by this honorable court in a cause between the only parties who could properly ask for such adjudication; that by such adjudication the validity of said assessments and of said tax title was sustained as hereinbefore set forth, and that by reason thereof the mortgage held by said complainant Margaret C. Logan at that time (and upon which she bases her present alleged claim of title in her said present bill) became wholly destroyed and extinguished so far as the same concerned the land of this defendant, and ceased to be a lien thereon; and that the said Margaret C. Logan now has no lien, claim, mortgage, right, title or interest, legal or equitable, upon the said premises owned by this defendant as aforesaid. 4th.

That the title of this defendant in and to said premises now claimed by him as aforesaid has been adjudicated valid in a suit brought against him in this honorable court as hereinbefore set forth by the person or persons under whom said complainant Margaret C. Logan claims, and with whom she was and is in privity, and that said decree in said former suit is binding and conclusive upon her, and is a bar to this present suit. 5th. That there are no grounds set forth in said present bill of alleged invalidity of said tax title of this defendant except such as were or might have alleged in the said bill hitherto brought against this defendant by the person or persons under whom said complainant Margaret C. Logan claims. All which matters and things this defendant avers to be true, and pleads the same to the whole of said present bill, and in bar thereof," etc.

Attached to these pleas as an exhibit is a copy of the final decree of the Circuit Court of Orange county in the case of Arthur N. Harrington, as executor of the last will of Irene R. Harrington, deceased, against R. H. Ramsey, Frank S. Lewis, trustee, and George W. Stieff, mentioned in said plea. These pleas were set down for argument by the complainant, and the judge made an order to the effect that an enquiry should be had to determine the validity of said pleas, and that upon the hearing of said enquiry the original papers in the said chancery suit mentioned in said pleas should be used if found to be necessary. Afterwards, on the 7th of April, 1891, the said pleas coming on for argument, the first of said pleas was, by consent, withdrawn and abandoned, and the judge made an order sustaining the defendant's second, third, fourth and fifth pleas, and dismissed the bill at

complainant's cost. From this order the complainant takes this appeal.

The court erred in sustaining these pleas and in dismissing the complainant's bill. It will be observed that none of the pleas assert that the complainant was in any way a party to the proceedings urged as an adjudication of her rights; but, on the contrary, it is clear from the pleas and from the decree attached as an exhibit thereto, that she was not a party to said decree, nor in the proceedings leading up thereto. It further appears that the tax assessment and sale under which the defendant claims title, and that is now assailed by the complainant's bill, and the chancery proceedings and decree between the Harringtons and the defendant that are urged as being an adjudication of the complainant's rights in the premises, all transpired and came into existence several years subsequently to the execution, delivery and record of the mortgage from the Harringtons to the complainant through which the complainant became materially interested in said land. Under these circumstances the complainant herein is not privy to the decree urged in these pleas that was rendered in the case of the Harringtons against the defendant, and is in no way affected or bound thereby. It is well settled that no one is privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit in which the judgment was rendered. For example, a tenant in possession prior to the commencement of an action of ejectment can not be lawfully dispossessed by the judgment, unless made a party to the suit. No alienee, grantee, assignee or mortgagee is bound or affected by a judgment or decree rendered in a suit commedced by or against the alienor, grantor, assignor or mortgagor

subsequent to the alienation, grant, assignment or mortgage, to which he is not a party, for the simple reason that otherwise his rights of property could not be divested, as these pleas assert to be the case here, without his consent, and the fraud or laches of the grantor or mortgagor could affect a forfeiture of rights and interests he had created by the most solemn conveyances. 1 Freeman on Judgments (4th ed.), sec. 163; Cromwell vs. MacLean, 123 N. Y. 474, 25 N. E. Rep. 932; Shattuck vs. Bascom, 105 N. Y. 39, 12 N. E. Rep. 283; Looney vs. Simpson, 87 Texas 109, 26 S. W. Rep. 1065; Boutwell vs. Steiner, 84 Ala. 307, 4 South. Rep. 184, S. C. 5 Am. St. Rep. 375; Coles vs. Allen, 64 Ala. 98; Pierce vs. Faunce, 47 Maine, 507; Powers vs. Heath's Admr., 20 Mo. 319; Mathew vs. Cover, 43 Iowa, 512. It is further well-settled that the title acquired by foreclosure of mortgage relates back to the date of the mortgage. 2 Jones on Mortgages (4th ed.), sec. 1654. The mortgagee's interests are co-existent with the mortgage, and, when he becomes a purchaser at the foreclosure sale, no judicial adjudication of any matter affecting the lien of such mortgage that arose *subsequently* to the execution thereof can affect or bind him when he was not a party to such proceedings or adjudication.

The decree set up in these pleas does not to any extent affect or bind the complainant appellant, and said pleas should have been overruled.

The order or decree appealed from is reversed with directions to overrule the defendant's pleas, and for such further proceedings as may be consistent with proper equity practice.