Austin v. Hoxsie et al.—Syllabus.

---

W. H. AUSTIN, APPELLANT, VS. EUNICE G. HOXSIE, FRANK A. TEAGUE, ROBERT L. ANDERSON, EARNEST YAGER AND ARTHUR YAGER, DOING BUSINESS UNDER THE FIRM NAME OF YAGER BROTHERS, APPELLEES.

1. No alienee, grantee, assignee or mortgagee is bound or affected by a judgment or decree rendered in a suit commenced by or against the alienor, grantor, assignor or mortgagor subsequent to the alienation grant, assignment or mortgage, to which he is not a party.

2. Where a plea in equity is allowed upon argument, the complainant is entitled to file a replication and contest its truth.

Appeal from the Circuit Court for Lake County.

The facts of the case are stated in the opinion of the court.

*William Hocker*, for Appellant;

*W. S. Jennings*, for Appellees.

PER CURIAM.

This cause having been reached in its regular order was referred by the court to two of its commissioners, Mess. Maxwell and Glen, who have reported that it should be reversed for reasons hereinafter stated, and after due consideration the court is of opinion that such conclusion is correct.

Appellant Austin filed a bill in April, 1897, in the court below against F. A. Teague, Eunice G. Hoxsie and others, wherein he sought the foreclosure of a mortgage executed by the said Teague and wife to the Buffum Loan & Trust Co. and by it assigned A. D. 1894, to complainant. The defendants other than Teague were alleged to have or claim some interest in the mortgaged property subordinate to the lien of complaints mortgage. Decrees *pro confesso* were entered against all of the defendants except Eunice G. Hoxsie, who filed a plea of *res adjudicata*. This plea was set down for argument, allowed by the court, and the bill ordered dismissed as to her. From this order complainant appeals.

The plea of the defendant Hoxsie alleged that in July, 1895, she had filed a bill to foreclose a mortgage by said Teague to her, upon the same property covered by complainants mortgage which mortgage of defendant was executed on the same day as complainants mortgage, but that hers was first recorded; that the Buffum Loan & Trust Co. was the record owner of the mortgage now sought to be foreclosed, and was made a party defendant to the said suit of the said Hoxsie "to have its claim adjudicated and its claim declared a junior lien and subsequent incumbrance, and to have its said claims extinguished and lien cut off;" that a decree *pro confesso* was

obtained in said suit against the said Buffum Loan & Trust Co., and in the final decree rendered thereon it was adjudged and decreed "that Mrs. Hoxsie's mortgage be of superior dignity to the said mortgage" of complainant, "and that all of the rights and privileges under said mortgage, concerning said mortgage premises be and the same were therefore cut and extinguished;" that said decree further directed sale of the mortgaged premises under the Hoxsie mortgage, and that she, defendant Hoxsie, became the purchaser of said property at said sale; and that said sale to her was confirmed and deed executed in July, 1896, and she took immediate possession of the premises.

From this plea it appears that the complainant's assignor, the Buffum Loan & Trust Co., and not the complainant himself was a party defendant to the suit wherein the Hoxsie mortgage was foreclosed. This suit was instituted in July, 1895, and the assignment of the mortgage to complainant by the Buffum Loan & Trust Co. was alleged in the bill to have been made in 1894. "No alienee, grantee, assignee, or mortgagee is bound or affected by a judgment or decree rendered in a suit commenced by or against the alienor, grantor, assignor or mortgaggor subsequent to the alienation, grant, assignment or mortgage, to which he is not a party." Logan v. Stieff, 36 Fla. 473, text 479, 18 South. Rep. 762.

The plea does not allege that Mrs. Hoxsie had no actual knowledge of the assignment of the mortgage to Austin. It alleges that the Buffum Loan & Trust Company, made a party defendant to her suit, was the record owner of the mortgage claimed to be owned by Austin, which must be taken to mean that so far as disclosed by the record of the mortgage the Buffum Loan & Trust Company appeared to be the owner. As there is no allegation in the plea that

Mrs. Hoxsie did not have actual knowledge of the assignment to Austin, the question of the effect of a want of such knowledge is not necessarily involved. It is doubtful on the showing made by the abstract whether a want of such knowledge would have any material bearing on the rights of the parties under their respective mortgages, but as this question is not necessarily involved in determining the sufficiency of the plea, it is not adjudicated. Austin was not a party to the decree set up in the plea as *res judicata* and under the rule announced in Logan v. Stieff, *supra,* his rights were not thereby determined. The plea of defendant, therefore, set up no adjudication binding upon complainant, and should not have been allowed.

The order allowing the plea was further objectionable in directing that the bill be dismissed as to the defendant Hoxsie. After it was adjudged good, the complainant was still entitled to file a replication and contest its truth, and should have been permitted to do so. 1 Beach's Mod. Eq. Pr. Sec. 327; Wilson v. Mitchell, 43 Fla. 107, 30 South. Rep. 703.

The decree should be reversed and the cause remanded with directions that the plea be not allowed, and for further proceedings not inconsistent with this opinion. It is so ordered.