**BOHNING et al. v. CALDWELL.**

Circuit Court of Appeals, Fifth Circuit.
November 26, 1929.

Rehearing Denied December 20, 1929.

No. 5680.

J. M. Wagstaff, of Abilene, Tex., and Earl Conner, of Eastland, Tex. (Conner & Mc-Rea, of Eastland, Tex., and Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, Tex., on the brief), for appellants.

Virgil T. Seaberry, of Eastland, Tex. (Turner, Seaberry & Springer, of Eastland, Tex., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This was an action at law by appellants to collect rent and taxes payable by the lessee under a lease during the period beginning in November, 1922, and ending in May, 1924.

The First National Bank of Ranger, Tex., was the original lessee, but during the period here involved it was in the hands of appellee or his predecessor as receiver. On the date first named the receiver brought suit to cancel the lease and did not thereafter pay any rent or taxes; and on the date last named appellants in their answer denying the right to cancel affirmatively sought the forfeiture of the lease for nonpayment of the rent and taxes. That suit resulted in a decree for appellants which on appeal was affirmed. Caldwell v. Dean (C. C. A.) 10 F.(2d) 299.

The petition in this case sought also to recover rent and taxes after the date of the answer setting up forfeiture and until some time in 1925 when appellee vacated the leased premises; but appellants here rightly abandon all claim of recovery under the lease after the forfeiture. It is conceded that during the period now in question rent and taxes had accrued amounting to $8,595, which the receiver has not paid. The only defense which it now is material to consider is that this suit was barred by virtue of the decree which was under review on the former appeal. The district judge, before whom the case was submitted on a trial without a jury, entered judgment for appellee.

The former suit was in equity and involved only issues of cancellation and forfeiture. This is an action at law, and whether appellee was liable for rent and taxes was an issue which was not, and under the pleadings in the equity suit could not have been, considered or decided. In Baltimore Steamship Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 602, 71 L. Ed. 1069, it is said: "The effect of a judgment or decree as res judicata depends upon whether the second action or suit is upon the same or a different cause of action. If upon the same cause of action, the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit between the same parties or those in privity with them, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented. But if the second case be upon a different cause of action, the prior judgment or decree operates as an estoppel only as to matters actually in issue or points controverted, upon the determination of which the judgment or decree was rendered." See, also, Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596.

The conclusion we reach is that the plea of res judicata presented no defense to this action, and that the right to recover was shown by evidence which was not controverted. Upon forfeiture of the lease, the lessee remained liable for rents and taxes which had theretofore accrued. American Bonding Co. v. Pueblo Investment Co. (C. C. A.) 150 F. 17, 9 L. R. A. (N. S.) 557, 10 Ann. Cas. 357; 16 R. C. L. 1137.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.