**O'FIEL et al. v. FIRST NAT. BANK OF BEAUMONT et al.**

**No. 3842.**

Court of Civil Appeals of Texas. Beaumont.

May 16, 1941.

Rehearing Denied June 4, 1941.

D. E. O'Fiel, of Beaumont, for appellants.

Smith, Smith & Boyd, of Beaumont, for appellee.

WALKER, Chief Justice.

This was an action by appellee, First National Bank of Beaumont, against Elias D. Shaboub and his wife, Mrs. Victoria Shaboub, on a promissory note in the sum of $500, less payments, executed on the 14th day of December, 1937, by the Shaboubs to appellee, with interest from date at the rate of eight percent per annum, and with ten percent attorney's fees, and to foreclose a deed of trust lien executed by Shaboub and wife to appellee on the following described property: Lots Nos. 1, 2, 3, and 4, Block No. 1, of the Prather subdivision in the James Drake Survey, Jefferson county. Appellee also prayed for foreclosure of its deed of trust lien against Mrs. Violet G. O'Fiel and her husband, David E. O'Fiel, on the following allegations: On the date of the execution of the deed of trust to appellee by the Shaboubs the property covered by the deed of trust was owned in fee simple by the

Shaboubs; subsequently, in an action of trespass to try title by Mrs. O'Fiel in her separate right, joined by her husband, filed at a time when appellee's deed of trust was on record, against Elias D. Shaboub and others, to which appellee was not a party, Mrs. O'Fiel, on a disclaimer filed by Elias D. Shaboub, recovered judgment against him for the title and possession of lot No. 1; appellee's lien against lot No. 1 was superior to the after-acquired title of Mrs. O'Fiel. Mrs. O'Fiel answered by general demurrer, general denial, pleas of not guilty and res judicata, and by special plea that at the time appellee took its deed of trust on lot No. 1 she owned the superior and equitable title to lot No. 1, as against any claim of title on the part of Elias D. Shaboub.

On the 17th day of April, 1940, on trial to the court without a jury, judgment was rendered and entered against Elias D. Shaboub for the sum of $519.80, with interest at the rate of eight percent per annum from date of judgment, together with foreclosure of the alleged deed of trust lien on all property described therein against all the defendants. No request having been made therefor the trial court did not file conclusions of fact and law. Only Mrs. O'Fiel and her husband have prosecuted the appeal from the judgment of the lower court.

█ There being in the record no conclusions of fact, all inferences of fact arising on the testimony must be resolved in support of the judgment. Cameron County Water Improvement Dist. No. 8 v. Western Metal Mfg. Co. of Texas, Tex. Civ.App., 125 S.W.2d 650; City of West University Place v. Ellis, 134 Tex. 222, 134 S.W.2d 1038; Citizens State Bank of Clarinda, Iowa, v. Del-Tex Inv. Co., Tex. Civ.App., 123 S.W.2d 450; Davis v. Magnolia Petroleum Co., 134 Tex. 201, 134 S. W.2d 1042; Fordyce-Crosset Sales Co. v. Erwin, Tex.Civ.App., 121 S.W.2d 491; Humphrey v. Southport Pet. Co., Tex.Civ. App., 131 S.W.2d 395; Massachusetts Bonding & Ins. Co. v. Pittsburg Pipe & Supply Co., Tex.Civ.App., 135 S.W.2d 818; Service Parts Co., Inc., v. Bizzell, Tex.Civ. App., 120 S.W.2d 919.

█ Since appellee was not a party to Mrs. O'Fiel's action in trespass to try title against Elias D. Shaboub, and since appellee's deed of trust was on record when Mrs. O'Fiel instituted that suit, appellee was bound in no way by the judgment entered in her favor therein for the title and possession of lot No. 1. So, the controlling question presented by this appeal is whether on the 14th day of December, 1937, the date the Shaboubs executed their deed of trust to appellee covering lot No. 1, the title to this lot was in the Shaboubs or in Mrs. O'Fiel. If the title was in the Shaboubs, then the court correctly entered judgment against Mrs. O'Fiel and her husband foreclosing the deed of trust lien. Looney v. Simpson, Tex.Civ.App., 25 S.W. 476; Id., 87 Tex. 109, 26 S.W. 1065.

We give the Shaboubs chain of title: (a) By deed dated November 30, 1925, recorded same day, the O'Fiels conveyed lot No. 1 to Security Realty & Development Company, a corporation; (b) on June 21, 1926, in district court of Jefferson county, Security Realty & Development Company recovered judgment for lot No. 1 against Vance (Vince or V. H.) Bailey, Emma Bailey, Will Prater, L. L. Prater, and Florence Broussard for the title and possession of lot No. 1, together with a personal judgment against Vance (or Vince) Bailey for $622; (c) on January 25, 1927, Security Realty & Development Company, a corporation, conveyed by deed in writing to Deeb E. Shaboub all interest held by it in its judgment recovered on the 21st day of June, 1926, against the Baileys, the Praters and Florence Broussard, particularly conveying its interest in lot No. 1, recovered in that judgment; (d) on September 22, 1926, in district court of Jefferson county, David E. O'Fiel recovered judgment against V. H. Bailey for the sum of $2,067.02, with foreclosure of deed of trust lien against V. H. Bailey and his wife on lot No. 1; (e) on January 26, 1927, David E. O'Fiel transferred and assigned his judgment against V. H. Bailey to Deeb E. Shaboub, in which he recited "I hereby fully transfer and assign to the said Deeb E. Shaboub all interest and claim which I have and hold against the said land and the said V. H. Bailey and wife Emma Bailey by reason of the said above described judgment"; (f) on July 7, 1930, V. H. Bailey and wife conveyed to Deeb E. Shaboub by general warranty deed lot No. 1; (g) Deeb E. Shaboub died May 21, 1933, testate, devising his property to his sister, Mrs. Affeefie Shaboub, who on November 18, 1935, conveyed to Elias D. Shaboub all the property described in the deed of trust to appellee, of

date December 14, 1937; (h) from 1930, Deeb E. Shaboub rendered and paid taxes on the property described in appellee's deed of trust up to his death in 1933, and after his death the taxes were regularly paid by his executor and Elias D. Shaboub. These facts vested in Elias D. Shaboub a regular chain of title from Security Realty & Development Company on the date he executed his deed of trust to appellee.

The following facts were before the court in support of Mrs. O'Fiel's allegation that on the 14th day of December, 1937, her title to lot No. 1 was superior to the Elias D. Shaboub title: (1) Vendor's lien note dated January 25, 1927, for $750, executed by W. R. Blain to Security & Development Company, retaining vendor's lien against lot No. 1, as described in appellee's deed of trust; (2) transfer by instrument dated August 24, 1927, of the $750 vendor's lien note by Security Realty & Development Company to Security State Bank & Trust Company; and transfer of this note and lien by instrument dated January 31, 1930, by Security State Bank & Trust Company and Security Realty & Development Company to Mrs. Violet G. O'Fiel. These transfers also purported to convey to Mrs. O'Fiel the title to lot No. 1, reserved in the vendor's lien to Mr. Blain by Security Realty & Development Company. (3) Appellants did not offer in evidence a deed from Security Realty & Development Company to W. R. Blain, conveying him lot No. 1, for which the $750 note was executed in part payment. The evidence showed that no such deed had been recorded. There was oral testimony to the effect that this deed was in fact executed on the 25th day of January, 1927, and delivered to Mr. Blain, and that he took the conveyance in trust for Mr. Bailey, and that he delivered the deed either to Mr. Shaboub or to Mr. Bailey "in straightening up or getting the title out of Security Realty & Development Company." On Mr. Blain's testimony, he was attorney for Mr. Deeb E. Shaboub, and the record discloses that he was one of the appraisers of the estate of Mr. Deeb E. Shaboub, and as an appraiser listed lot No. 1 as belonging to Mr. Shaboub.

 The regularity of the chain of title to Elias D. Shaboub and the fact that he and those under whom he held annually assumed and discharged the burdens of ownership raised the issue, resolved by the court in favor of appellee, that the Elias D. Shaboub title was a good faith title, on a valuable consideration.

 Appellees contend that, in support of the judgment of the lower court, we should find that Security Realty & Development Company did not execute a deed to Mr. Blain for the land in controversy on the 25th day of January, 1927, retaining in the deed a vendor's lien to secure Mr. Blain's promissory vendor's lien note for $750, as described in fact finding (1) on the issue of appellants' title. We do not determine this issue since, as we understand the facts and the law, it is not a necessary determinative issue in support of the judgment of the lower court. If it be conceded that Security Realty & Development Company in fact executed a deed to Mr. Blain on the 25th day of January, 1927, the very day it executed its conveyance to Deeb E. Shaboub, the inference arises on the facts that the Shaboub title was a senior conveyance. This follows on Mr. Blain's testimony that he took the deed in trust for either Mr. Shaboub or Mr. Bailey in order to clear up their title; unless Mr. Shaboub already held a conveyance to lot No. 1 there was no title in him to be cleared up. The evidence supporting an inference that the Blain title was a junior title, the burden rested on appellants to allege and prove that they or those through whom they hold took their title without actual knowledge of the Shaboub title. That issue was not plead by appellants.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.

### On Rehearing.

 We overrule appellants' request for additional fact conclusions. Certain of the requested conclusions were strictly evidentiary in their nature on the ultimate issue, and though clearly established should not be stated as fact conclusions. Kelly Springfield Tire Co. v. Walker (on rehearing), Tex.Civ.App., 149 S.W.2d 195. Certain other of the requested fact conclusions were resolved by the lower court against appellants' contentions, either expressly or by necessary implication, in support of its judgment, and since the judgment in these respects has support in the evidence we overrule the request for these findings. The remaining requested conclusions, as we understand the record, are

reflected by our opinion. We have amended our original opinion, eliminating certain fact conclusions against which appellants have assigned error. On a careful review of the motion for rehearing, it is overruled.