### BROOKS et al. v. ERBAR.

### No. 2499.

Court of Civil Appeals of Texas. Eastland.

Feb. 9, 1945.

Rehearing Denied March 16, 1945.

Baker & Baker, of Coleman, for appellants.

Dibrell, South & Snodgrass, of Coleman, for appellee.

GRISSOM, Justice.

Prior to 1939 Lillie Small filed a suit, No. 5470–A, in Coleman County against her daughter, Annie May Brooks and husband, Joe Z. Brooks, and B. Davis. She alleged in that suit that in October, 1937, she was the owner and entitled to the possession of sections 69 and 92 in Coleman County and sections 50 and 51 in McCulloch County; that said sections 50 and 51 were conveyed by Lillie Small to Annie May Brooks in trust, with an agreement that said sections would be reconveyed to Mrs. Small when requested by her. That in the summer of 1937 Mrs. Small requested the Brooks to reconvey the land, but defendants refused to do so. Mrs. Small further alleged, among other things, that in 1911 she had given and conveyed to Annie May Brooks as her separate property four tracts of land consisting of 160 acres each in McCulloch County. That said four 160 acre tracts were given to Mrs. Brooks free and clear of any encumbrance, but that by 1934 Mrs. Brooks owed $618.75 for taxes on said land; that in 1928 Joe Z. Brooks and Bessie Love purchased block 71 of the Overall Estate and executed 10 vendors lien notes to said estate in the sum of $522 each. That in 1929 Joe Z. Brooks purchased the interest of Bessie Love in block 71 in Coleman County and assumed payment of said notes. That in 1934 Joe Z. Brooks was delinquent in some of the payments due the Overall Estate. That in 1928 Mrs. Small purchased from the Overall Estate sections 69 and 92 for $39,000 and executed vendors lien notes for $30,000 of the purchase price. That a comprehensive agreement was entered into between Mrs. Small and the Brooks, to wit, that Joe Z. Brooks should convey block 71 of the Overall Estate to Annie May Brooks; that Mrs. Small should convey to Annie May Brooks sections 69 and 92 in Coleman County, by a deed reciting the consideration to be $10 and other valuable consideration, love and affection, "and the assumption and agreement by Annie May Brooks to pay off and discharge the outstanding indebtedness against said land;" that it was further agreed that Federal Land Bank loans should be obtained, first, on the four 160 acre tracts owned by Annie May Brooks, and surveys 50 and 51 in McCulloch County, theretofore conveyed by Mrs. Small to Annie May Brooks in trust, and that another Federal Land Bank loan should be obtained by the Brooks upon sections 69 and 92 and block 71 in Coleman County. That the proceeds of such loans should be applied in liquidation of delinquent taxes owed by the Brooks on the four 160 acre tracts in McCulloch County and payment of the lien indebtedness against sections 69 and 92, and that Mrs. Small would from other sources pay the balance necessary to discharge the lien held by the Overall Estate against sections 69 and 92, and that thereafter upon demand by Mrs. Small the Brooks would reconvey to Lillie Small, "subject" to the Federal Land Bank liens, sections 50 and 51 in McCulloch County and sections 69 and 92 in Coleman County. That pursuant to said comprehensive agreement, and relying upon the promise of the Brooks to reconvey to Mrs. Small upon demand surveys 50 and 51 in McCulloch

County and 69 and 92 in Coleman County, Mrs. Small, in March 1934, executed and delivered a deed, absolute in form, conveying sections 69 and 92 in Coleman County to Annie May Brooks, which deed recited a consideration of $10, love and affection, "and the further consideration that said Annie May Brooks assumes and agrees to pay off and discharge the indebtedness now outstanding against" sections 69 and 92.

That pursuant to said agreement Joe Z. Brooks in December, 1935, conveyed block 71 to Annie May Brooks in consideration of her assumption of the purchase money notes then outstanding. That the Brooks obtained a loan of $10,000 from the Federal Land Bank in July, 1934 and executed a deed of trust to secure its payment upon the four 160 acre tracts in McCulloch County owned by Annie May Brooks and sections 50 and 51 in McCulloch County held in trust by Annie May Brooks for the benefit of Mrs. Small. That said $10,000 was used as follows: $500 was applied in payment for stock of the Land Bank required to be purchased incidental to said loan; $618.75 was used in the payment of delinquent taxes owed by Mrs. Brooks on the four 160 acre tracts owned by Mrs. Brooks in McCulloch County; $1123.02 was used in the payment of accrued interest owed by Joe Z. Brooks on the vendors lien notes executed in the purchase of block 71; $1566 was applied in payment of principal of the notes owing by Brooks to the Averill Estate on Block 71; $6000 was expended in the payment of two notes executed by Mrs. Small as part of the purchase price of sections 69 and 92 in Coleman County; leaving a balance of $190.23, which was applied on interest due on the last mentioned notes.

That, thereafter, in March 1936 the Brooks obtained another loan from the Federal Land Bank upon block 71 and sections 69 and 92 in Coleman County and executed two notes and deeds of trust to the Federal Land Bank and Commissioner to secure loans totaling $10,400. That the proceeds of that loan were applied as follows: $345 in payment for stock in the Federal Land Bank; $427.04 to the payment of accrued interest on the purchase money notes owed by Joe Z. Brooks on block 71; $2610 in payment of vendors lien notes executed by Joe Z. Brooks and Bessie Love in the purchase of block 71; $644.25 as interest on purchase money notes of Mrs. Small for surveys 69 and 92 in Coleman County; and the balance of $6373.71 upon the principal notes of Lillie Small given as purchase money to the Overall Estate for surveys 69 and 92 in Coleman County.

Mrs. Small further alleged that pursuant to said comprehensive agreement she paid from her own resources on the interest and principal of the purchase money notes executed by her in the purchase of surveys 69 and 92 in Coleman County about $7,000. That pursuant to said agreement Mrs. Small thereafter paid the installments due the Land Bank and the Land Bank Commissioner on surveys 50 and 51 in McCulloch County, and all the installments of principal and interest due the Land Bank and Commissioner and all taxes due on Sections 69 and 92 in Coleman County until the fall of 1937. That said payments were made by Mrs. Small pursuant to her agreement with the Brooks and in reliance upon their promise to reconvey sections 50 and 51 in McCulloch County and 69 and 92 in Coleman County, upon demand by Mrs. Small "and subject only to the said Federal Land Bank and Commissioner's loans." The defendant B. Davis was alleged in said original suit to be the tenant of the Brooks and in possession of surveys 50 and 51 in McCulloch County.

In said former suit Mrs. Small prayed that she recover from B. Davis, Annie May Brooks and Joe Z. Brooks the title and possession of sections 50 and 51 in McCulloch County and sections 69 and 92 in Coleman County and the rental value of the McCulloch County land. Mrs. Small alleged that $1537.04 of the funds borrowed on the security of Mrs. Small's sections 69 and 92 was paid on the debt against block 71 owned by the Brooks, for which she prayed judgment. Mrs. Small further alleged that out of the proceeds of the loan made on the security of her sections 50 and 51, and other resources of Mrs. Small, there was paid on sections 69 and 92 the sum of $13,412.43; that the Brooks had assumed payment of said debts, wherefore she prayed that, if she be denied recovery of sections 69 and 92, that she have judgment establishing a lien against sections 69 and 92 for $13,412.43.

By the judgments of the trial and appellate courts Mrs. Small in said former suit recovered only the title and possession of sections 50 and 51 in McCulloch County and the rental value thereof. Mrs. Small

was not permitted in the former suit to prove that her conveyance of sections 69 and 92 was in trust, for the reason that the recital in her deed to said sections was that the grantee assumed payment of the debt against said sections, which recital of consideration was held to be contractual, and, therefore, Mrs. Small was denied recovery of the Coleman County lands. Small v. Brooks, Tex.Civ.App., 163 S.W.2d 236.

In June, 1944, Hubert Erbar, guardian of the Texas estate of Lillie Small, a person of unsound mind, filed the instant. suit against Annie May Brooks and husband, Joe Z. Brooks, Brady National Farm Loan Association and the Federal Land Bank of Houston. Plaintiff alleged that in 1942 Lillie Small was adjudged incompetent and Erbar was appointed as guardian in Oklahoma and qualified as such. That in March, 1943, Erbar was appointed by the County Court of Coleman County as guardian in Texas of the estate of Lillie Small and qualified as such. That he was authorized by the County Court of Coleman County to maintain this suit.

Plaintiff alleged that he brought this action under and by virtue of the Uniform Declaratory Judgment Act. See Vernon's Ann.Civ.St. Article 2524—1; Anderson on Declaratory Judgments, p. 733, and 22 Texas Law Review 309. That Lillie Small is the owner of sections 50 and 51 in McCulloch County, described in a deed of trust executed by the Brooks to secure the Federal Land Bank in the payment of a note for $10,000. That in 1934, while the legal title to said sections 50 and 51 in McCulloch County stood in the name of Annie May Brooks, the Brooks executed and delivered a deed of trust whereby they conveyed to the trustee for the Federal Land Bank the four 160 acre tracts owned by Annie May Brooks and sections 50 and 51 in McCulloch County, then beneficially owned by Mrs. Small, to secure the payment of a note for the sum of $10,000. That said deed of trust recited: "Said note being executed by the mortgagors in renewal and extension of taxes due and payable, amounting to $618.75, on the hereinbefore described property covering surveys #1315, 1316, 1317 & 1318. Part of the balance for money advanced to mortgagors herein by the Federal Land Bank of Houston in payment of stock incidental to this loan." (Said numbered sur-

veys were the four 160 acre tracts given to Mrs. Brooks by Mrs. Small in 1911.)

Plaintiff alleged that all of the money obtained from the Federal Land Bank was used by the Brooks in payment of their own personal obligations, and that none of the money so obtained was used to discharge any "primary indebtedness of the said Lillie Small." Plaintiff then alleged in detail the different items paid out of funds obtained by said loan, showing that said money was expended in the payment for stock in the Brady National Farm Association, for the payment of taxes on the four 160 acre tracts of land owned by Annie May Brooks in McCulloch County, in the payment of principal and interest which Joe Z. Brooks owed the Overall Estate on block 71, that $6,000 was applied in payment of two notes executed by Lillie Small in the purchase of sections 69 and 92 in Coleman County, and $192.23 was applied in. payment of the interest thereon, "payment of which notes and indebtedness had been previously assumed by * * * Annie May Brooks." In connection with this allegation plaintiff further alleged the language of the deed by virtue of which Annie May Brooks, as the grantee of surveys 69 and 92 in Coleman County, assumed and agreed to pay off and discharge said indebtedness against sections 69 and 92 in Coleman County.

Plaintiff alleged that in said former suit, 5740–A, Lillie Small recovered the title and possession of sections 50 and 51 in McCulloch County; that she failed to recover from the Brooks sections 69 and 92 in Coleman County, because of the contractual recital of consideration in the deed by Mrs. Small to Annie May Brooks to sections 69 and 92, and alleged that in said former suit it was finally adjudicated that the unpaid indebtedness against sections 69 and 92 in Coleman County was the primary indebtedness of Annie May Brooks, for which Lillie Small was only secondarily liable, because she executed the original purchase money notes so assumed by Annie May Brooks.

Plaintiff alleged that by reason of said facts the deed of trust of July, 1934, executed by the Brooks to secure the debt to the Federal Land Bank, which created a lien against the four 160 acre tracts, owned by Annie May Brooks, and against sections 50 and 51 in McCulloch County, then held in trust by Annie May Brooks,

and recovered by Lillie Small in the former suit, "is the exclusive obligation and debt of the said Annie May Brooks and husband, Joe Z. Brooks, for which the said Lillie Small is not in any manner responsible or liable, and that the said two sections 50 and 51 in McCulloch County, Texas, owned by the said Lillie Small are only secondarily liable as collateral or security for payment of said indebtedness, and the said Lillie Small and this plaintiff, as guardian of her estate, are entitled to have established by declaratory judgment of this court (1) that the said deed of trust lien * * * is a primary lien against the four 160 acre tracts * * * owned in fee by the said Annie May Brooks; (2) that plaintiff's ward, Lillie Small, is not personally liable for any part of said debt, and that her lands, sections 50 and 51, located in McCulloch County, Texas, are liable for said debt only in the event that the four 160 acre tracts owned in fee by * * * Annie May Brooks and husband * * * shall prove insufficient to discharge said debt; and (3) that in the event of foreclosure of the said deed of trust lien * * * said four tracts owned in fee by the said Annie May Brooks and husband * * * shall first be sold, and only in the event the proceeds of sale of said tracts shall prove insufficient to fully discharge the debt owing to Federal Land Bank * * * shall resort be made to sale of either section 50 or 51 owned by the said Lillie Small * * *."

In response to plaintiff's request for admissions the Brooks, in substance, admitted all the facts alleged by plaintiff but denied the conclusions in plaintiff's petition as to the primary liability of the Brooks and their land for the payment of the debt to the Land Bank.

The court found that Erbar was the duly appointed, qualified and acting guardian of the estate of Lillie Small, and that he was authorized by the County Court of Coleman County to institute and prosecute this suit. The court further found the facts to be as alleged by plaintiff. The court specifically found that all the money obtained by said loans to the Brooks were used by the Brooks for payment of their own personal obligations and indebtedness, and that none of said funds was used to discharge any primary indebtedness of Lillie Small. (These facts had been admitted by the Brooks.) That, although a part of said funds was used to pay the vendors lien notes executed by Mrs. Small on sections 69 and 92, the payment of said notes had been previously assumed by Annie May Brooks in the deed executed to her by Lillie Small, and that it had been finally adjudicated that the indebtedness against sections 69 and 92 in Coleman County was the primary indebtedness of Annie May Brooks, for which Lillie Small was only secondarily liable by reason of having executed the notes so assumed by Annie May Brooks. The Court rendered judgment as prayed for by the plaintiff. The Federal Land Bank and the Brady National Farm Loan Association have not appealed. Only Annie May Brooks and husband, Joe Z. Brooks, have appealed.

Appellants contend that the issue in this case was adjudicated in the former cause. Their specific contention is that since Small's petition in the former suit alleged she conveyed sections 50 and 51 in McCulloch County to Brooks in trust with the agreement that said sections would be reconveyed to Mrs. Small "subject" to the Federal Land Bank lien, she cannot in this suit contend that the Brooks and their land are primarily liable for the debt to the Land Bank, because, they say, said positions are inconsistent. This contention is overruled.

 If the agreement alleged by Lillie Small in the former suit, to wit, that sections 50 and 51 in McCulloch County were to be reconveyed "subject" to the Land Bank's debt, had been carried out Mrs. Small would not have been personally liable for the debt. Garza v. Hammond, Tex. Civ.App., 39 S.W. 610 (writ ref.). If the reconveyance had been made it would necessarily have been "subject" to the debt unless the debt had been paid. An allegation that the reconveyance was to be made "subject" to the debt of the Bank is not inconsistent with Mrs. Small's contention that since all of the money loaned to the Brooks (on security of the four 160 acre tracts owned by Brooks and sections 50 and 51 owned by Small,) was used to discharge debts for which the Brooks were primarily liable and for which Mrs. Small was, where liable at all, only secondarily liable, that the Brooks and their land were primarily liable for the debt to the Land Bank. The Brooks had become primarily liable for the payment of the Small notes given for part of the purchase price of sections 69 and 92 in

Coleman County when Brooks assumed their payment. Carpenter v. Ferris Nat'l. Bank, Tex.Civ.App., 60 S.W.2d 495, 498 (writ ref.). Part of the money borrowed by the Brooks was used to pay the debt against sections 69 and 92. The Brooks own those two sections. Part of the borrowed money was used to discharge liens against the four 160 acre tracts in McCulloch County. The four tracts belong to Mrs. Brooks. The Brooks alone signed the notes to the Land Bank. No part of the borrowed money was spent on sections 50 and 51 in McCulloch County owned by Lillie Small. Sections 50 and 51 are charged with, that is, "subject" to, the debt to the Bank only because Small conveyed those sections to Brooks in trust and permitted them to borrow money by placing a lien on the Brooks four 160 acre tracts and sections 50 and 51 owned by Small. Mrs. Small does not question the validity of the Bank's debt and lien. Mrs. Small's contention is simply that under the circumstances the Brooks and their land are primarily liable for the debt to the Bank. The Bank does not complain. The deed from Small to Brooks to sections 69 and 92 recited that Brooks assumed payment of Small's purchase money notes. When Brooks assumed their payment they became, so far as Small and Brooks are concerned, the principal debtors and primarily and personally liable therefor. Hill v. Hoeldtke, 104 Tex. 594, 601, 142 S.W. 871, 40 L.R.A.,N.S., 672; Brannin v. Richardson, 108 Tex. 112, 117, 185 S.W. 562; 21 A.L.R. 440; 76 A.L.R. 1192; 97 A.L.R. 1076; 131 A.L.R. 5; Brichetto v. Raney, 76 Cal.App. 232, 245 P. 235, 241; Hancock v. Fleming, 103 Ind. 533, 3 N.E. 254, 255; McMullan v. San Antonio Joint Stock Land Bank, Tex.Civ.App., 78 S.W.2d 669, 671 (writ ref.); Slaughter v. Morris, Tex.Civ.App., 291 S.W. 961 (writ dis.); J. P. Wooten Motor Co. v. First Bank of Swenson, Tex.Com.App., 281 S.W. 196, 197; 5 Words and Phrases, Perm.Ed., p. 584, 586; 40 Words and Phrases, Perm. Ed., p. 397, 398; 60 C.J. 673.

No judgment could have been rendered in the former suit which would have prevented the Land Bank, if it desired, from first selling sections 50 and 51 in McCulloch County, because the Land Bank was not a party to that suit. 26 Tex.Jur. 248; Looney v. Simpson, Tex.Civ.App., 25 S.W. 476, 497, affirmed 87 Tex. 109, 112, 26 S.W. 1065.

The question as to what persons and property were primarily liable for the payment of the debt to the Bank was not an issue in the former suit. Mrs. Small now holds sections 50 and 51 subject to the debt of the Land Bank. This fact is not determinative of the primary liability of the parties. From what has been said it is clear that the causes of action in this and the former suit are not the same. Rippetoe v. Dwyer, 49 Tex. 498. No issue of fact controlling on the question of primary liability was raised or decided in the first case. See 26 Tex.Jur. 204. Determination of the question of primary liability was not necessary to a decision of any question involved in the first case. Appellants' contentions as to res judicata and estoppel by judgment are overruled.

Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 210, 27 S.W.2d 526; Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 602, 71 L.Ed. 1069; Bohning v. Caldwell, 5 Cir., 36 F.2d 222; 26 Tex.Jur. 128; Arlington Heights Realty Co. v. Citizen's Ry. & Light Co., Tex.Civ.App., 160 S.W. 1109, 1124; Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242, 246.

Plaintiffs could not have obtained a declaratory judgment, as such, determining who and what land was primarily liable for the payment of the debt to the Federal Land Bank in the former suit, because the judgment in said former suit, No. 5740–A, was rendered in September, 1940, and the statute permitting a declaratory judgment in Texas was not enacted until 1943. Article 2424—1; 26 Tex.Jur. 60.

■ B. Davis was not an indispensible party to this suit, as appellants contend. In the former suit, in which Mrs. Small recovered the title and possession of sections 50 and 51 in McCulloch County, Davis was made a party solely because he was then the tenant in possession of said land. The title and possession of the land that Davis then occupied as the tenant of the Brooks is not an issue in this case. That question was finally adjudicated in the former suit. Small v. Brooks, Tex.Civ.App., 163 S.W.2d 236. Davis was certainly not an indispensible party to this suit where the only issue was the primary liability of the Brooks and their land for a debt created by the Brooks to obtain funds that were used solely for their benefit. The question of the right to possession of section 50

or 51 in McCulloch County was the only question in which Davis was interested. It was finally decided against him in the former case and is not an issue in this suit.

Appellants further contend that because Erbar was removed as guardian of the estate of Mrs. Small in Oklahoma by an Oklahoma Court after this suit was filed that such removal automatically terminated his authority as guardian in Texas. They argue that because Article 4285 permits the appointment of a non-resident guardian in Texas solely because such guardian has been appointed and qualified in another state when he ceases to act as guardian in the other state, as a matter of law, his authority as guardian in Texas thereupon automatically terminates. We are of the opinion that since Erbar was appointed by the County Court of Coleman County as guardian of the Estate of Lillie Small in Texas and qualified as such and was authorized by that court to institute and prosecute this suit, that his removal in Oklahoma after the institution of this suit did not automatically terminate his authority to maintain this suit.

The judgment is affirmed.