DUNIGAN TOOL & SUPPLY COMPANY, Appellant,

v.

G. B. BURRIS et al., Appellees.

No. 4231.

Court of Civil Appeals of Texas.

Eastland.

March 29, 1968.

Rehearing Denied April 19, 1968.

**342**

Whitten, Harrell, Erwin & Jameson,
F. M. Harrell, Abilene, for appellant.

Rush Moody, Jr., Midland, for appellees.

COLLINGS, Justice.

Dunigan Tool & Supply Company, a
corporation, brought suit against G. B.
Burris, K. K. Amini and American Petro-
fina Company of Texas on a sworn ac-
count for the value of oil field supplies
sold by plaintiff to G. B. Burris, a drill-
ing contractor, and to foreclose a statu-
tory mechanics and materialman's lien
against the oil and gas leasehold estate
on which the supplies were furnished and
used. The supplies were sold by plaintiff
to Burris in drilling three oil wells. One

well was drilled on each of three subdi-
visions of a base oil and gas lease and each
such subdivision was acquired by Amini
at a different time. Plaintiff gave Amini
notice of its debt and claimed lien at a
time when Amini was indebted to the
drilling contractor for drilling the third
well, but after Amini had paid the con-
tractor for wells one and two. The
amount owing to the contractor for the
third well at the time Amini received
statutory notice from plaintiff was more
than sufficient to pay the indebtedness
due appellant on all three wells. The trial
court gave plaintiff judgment against Bur-
ris for its debt but limited plaintiff's lien
rights to the amount owing for supplies
furnished and used in drilling the third
well. Dunigan Tool & Supply Company
has appealed.

The parties stipulated the facts and no
evidence was adduced at the trial. The
following is the substance of the facts
stipulated: Appellee, Amini, at different
times obtained title from two different
owners to three separate oil and gas lease-
hold estates covering tracts of land and
subsurface strata known to the parties
and designated as the Barnsley "E", "I"
and "B" leases. Each tract is out of and
a part of one base lease which was created
by two different mineral owners signing
separate oil and gas leases covering the
same land.

Amini contracted orally with Burris to
drill a well on each of said tracts and pur-
suant to such oral contracts wells were
drilled on each of the tracts. Dunigan
Tool & Supply Company, an oil field sup-
ply house, sold Burris, the drilling con-
tractor, supplies which were used in drill-
ing each of the three wells. Such supplies
were in the following amounts: For the
"E" well $3,467.89; for the "I" well $979.-
57, and for the "B" well $113.72. The
drilling of the "E" and "I" wells was com-
pleted in February of 1965 and Amini
paid Burris the total cost of each of such
wells separately in March and April of
1965. The drilling of the "B" well was

completed on June 7, 1965. Appellant Dunigan Tool & Supply Company in compliance with applicable statutes gave Amini notice of its claimed lien and debt in the total amount of $4,561.18 on July 6, 1965 and filed a verified statement securing its statutory lien on August 13, 1965. At the time Amini received the notice from appellant he had as above noted already paid the drilling contractor for the drilling of the "E" and "I" wells, but had not paid for the "B" well, and at the time he received such statutory notice still owed the drilling contractor $12,180.00 for the "B" well. All the right, title and interest of Amini in the three described leasehold estates has been conveyed to and is now owned by American Petrofina Company of Texas.

Appellant Dunigan Tool & Supply Company presents points of error in which it is contended (1) that the court erred in holding appellant had no enforceable lien rights for supplies furnished and used on the "E" and "I" acreage, (2) erred in holding that appellant's lien claim against the "B" acreage is limited to the value of the supplies furnished by appellant and used on the "B" acreage, (3) erred in holding that appellant was not entitled to recover attorney's fees out of the funds owing by Amini to the drilling contractor at the time Amini was notified of appellant's lien claim, (4) erred in concluding that there is no showing that the parties treated or regarded the "B", "E" and "I" acreage as a single tract or unit of land, (5) erred in concluding that there is no showing that the "B", "E" and "I" acreage constitutes a single tract or unit of land, (6) erred in refusing to find that there is no showing that the parties did not treat or regard the "B", "E" and "I" acreage as a single leasehold estate and (7) erred in refusing to find that there is no showing that the "B", "E" and "I" acreage does not constitute a single tract or unit of land.

Appellant's contention that it has a lien on the "E" and "I" tracts is based upon Articles 5473 and 5474, Vernon's Ann.Tex. Civ.St. Article 5473 provides, among other things, as follows:

"Any person * * * who shall * * * furnish * * * materials, machinery or supplies used in * * * drilling * * * any such oil or gas well * * * shall have a lien on the whole of such land or leasehold interest therein, * * * for which said materials, machinery or supplies were furnished * * *."

Article 5474 provides for a like lien in favor of one who furnishes such materials to a contractor. Appellant's contention is, in substance, that since the three partial assignments of leasehold interests owned by Amini at the time of drilling the wells in question were under the same base lease, then appellant's lien rights for material and supplies furnished to any one of the three tracts is effective against all three tracts. Specifically it is contended that appellant's lien rights for materials furnished and used on the "B" lease is effective not only against the "B" lease but also attaches to the "E" and "I" leases. Appellant urges that Articles 5473 and 5474 gave appellant as a furnisher of materials the right to perfect a lien "on the whole of such land or leasehold interest therein", for which said materials were furnished. Appellant's contention is that, as applied to the facts of this case, the language "the whole of such * * * leasehold interest" means the entire base lease or at least the entire portion of the base lease owned by Amini. We cannot agree with this contention.

The record does not show, as contended by appellant, that the "B", "E" and "I" leases constitute a single leasehold interest. Neither does the record show that the three leasehold estates were regarded by the parties as a single tract or unit of land. The effect of the stipulation of the parties is that each of the three tracts, parcels, or interests in land was a separate oil and gas leasehold estate. The stipulation spe-

**344**

cifically recites: that "the leasehold estate" covered by one of the assignments to Amini "become known to the parties as the Barnsley 'E' acreage"; that "the oil and gas leasehold estate" covered by another of the assignments "has been at all times known to the parties as the Barnsley 'I' lease and acreage", and that "the acreage and leasehold estate" covered by the other described partial assignments "has at all times been known to the parties as the Barnsley 'B' acreage and leasehold estate." It was also stipulated that the three "leasehold estates" were carved out of the same base lease and that at all times material, including the time of drilling the oil wells in question, Amini was a part owner and was operator of such "leasehold estates."

In Oil Field Salvage Co. v. Simon, 140 Tex. 456, 168 S.W.2d 848 (1943), it is stated that:

> " * * * the statutes give a lien on a parcel or tract of land, or parcels or tracts of land treated as a unit only for materials that were delivered to or used thereon; and should the affidavit attempt to fix a lien on any other property, it would be invalid as to that property."

Thus, it is held that under the statutes a lien exists upon an entire tract of land or leasehold interest upon which materials were delivered to or used and if such material was furnished or used on one of two or more tracts which tracts were treated as a unit, the lien exists as to the entire unit. The lien exists, however, only upon the tract, leasehold interest or unit upon which the material was furnished or used. Here the stipulation of the parties shows that Amini was at all times material the owner of three separate "leasehold interests" or estates. The record shows that appellant furnished materials used in drilling an oil well on Amini's leasehold estate known to the parties as the Barnsley "B" lease. By virtue of Articles 5473 and 5474, supra, appellant who so furnished such material had a lien on the whole of the Barnsley "B" leasehold interest. But, as held in Oil Field Salvage Co. v. Simon, supra, appellant was not entitled to a lien on any other property. It is undisputed that the material furnished by appellant and used on the "B" lease was not furnished to or used on any other property. Appellant was, therefore, not entitled to a lien on the Barnsley "E" and "I" tracts to secure the payment of the cost of materials on the "B" tract. The stipulation does not show as contended by appellant that the three leasehold interests under consideration constituted or were operated as a unit. On the contrary, the record shows that each of the three described leasehold estates was known and as regarded by the parties as a separate, distinct and specifically designated leasehold interest, and not as a single unit or tract of land.

Appellant's points are all overruled.

The judgment is affirmed.