W. M. SHIVERS, d/b/a W. M. Shivers Plumbing Supply Company, Appellant,

v.

B. E. FEUHS, d/b/a B. E. Feuhs Company, Appellee.

No. 15431.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Feb. 20, 1969.

Rehearing Denied March 13, 1969.

Jesse Shivers, Houston, for appellant.

Billy E. Lee, Houston, for appellee.

PEDEN, Justice.

This appeal is limited to that part of a judgment which awards an attorney's fee and interest in a suit brought for labor and materials furnished under an oral contract.

Appellee, Mr. Feuhs, filed this suit against the appellant, Mr. Shivers, for the unpaid balance of his bill for the fabrication and installation of sheet metal products in the ventilation systems of two Houston public schools. Feuhs alleged that Shivers had invited him to submit a bid for the sheet metal work as shown in the plans and specifications for the schools, that he had submitted an oral bid totalling $94,600.00 and that in July, 1964 Shivers had accepted it in accordance with their past dealings over a period of many years. The work was completed in September, 1965.

Further, that as the work progressed, Feuhs "monthly tendered to defendant his invoices for labor and materials furnished during each month in the performance of his obligations under the contract." Also, that defendant made regular payments of the invoices but that he failed to pay the last $1,700.00 of the agreed price and also owned Feuhs $116.45 for extra materials and labor as had been furnished at Shivers' oral request, in keeping with their past dealings and the custom in the trade. That formal demands for $1,816.45 had been presented in writing more than thirty days prior to institution of suit, but that no payment had been made. Appellee asked for an attorney's fee of $600.00 under Article 2226, Vernon's Ann. Texas Civil Statutes, and for interest from January 1, 1966, on the principle amount of the claim.

Feuhs attached copies of all of his invoices and his petition contained an affidavit that the account was just and true, etc., as provided by Rule 185, Texas Rules of Civil Procedure.

In Shivers' answer he stated under oath that the account was wholly not just or true. By a cross-action he alleged that he had not been given credit for a number of specific items and he asked judgment for $100.05.

After a non-jury trial, a judgment was entered in Feuhs' favor. It stated that the trial court found for Feuhs as to his $1700.00 claim and allowed a set-off to Shivers of $54.55, for a recovery of $1,645.45; to this was added an attorney's fee of $500.00 on Feuhs' "sworn account on oral contract for labor and materials furnished," and interest at 6% per annum on the principal amount of the claim from January 1, 1966 until paid.

No statement of facts has been brought up on this appeal. The trial judge made the following finding of fact:

"Plaintiff B. E. Feuhs Company proved up a valid claim against Defendant for labor done and material furnished in the principal amount of $1,645.45, on oral contract for labor done, and Plaintiff presented such claim to Defendant for payment more than thirty days before commencing this suit on the claim."

The following conclusion of law was also made by the trial court:

"Plaintiff B. E. Feuhs Company is entitled to $500.00 as Attorney's fee under authorization of Article 2226, Vernon's Texas Civil Statutes, as amended, for obtaining judgment on its claim for labor done and material furnished to the Defendant on its oral contract."

Appellant's first point of error states that the trial court erred and abused its discretion as a matter of law in awarding attorney's fees to the appellee under Art. 2226, Texas R.C.S., in this suit for damages for breach of contract.

Article 2226 states:

"Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

■ We overrule this point. We agree with the trial court's conclusion of law that Art. 2226 authorizes recovery of an attorney's fee for prosecution of a valid claim for labor done and material furnished under an oral contract. Among recent Texas cases so holding are Page v. Superior Stone Products, Inc., 412 S.W.2d 660 (Austin Tex.Civ.App., 1967, writ ref., n. r. e.); Danaho Refining Co. v. Dietz, 398 S.W.2d 307 (Corpus Christi Tex.Civ.App., 1965, writ ref., n. r. e.); South Texas Building Co. v. Ideal Engineering, Inc., 402 S.W.2d 292 (Houston 1st Tex.Civ.App., 1966, writ ref., n. r. e.), and Dueitt v. Barrow, 384 S.W.2d 214 (Corpus Christi Tex. Civ.App., 1964, no writ).

■ Appellant's second point of error states that the trial court abused its discretion as a matter of law and equity in awarding attorney's fees to appellee where appellant had asserted his counterclaim in good faith and not for the purpose of unreasonable and vexatious delay. We overrule this point. In the absence of a statement of facts, we are bound by the finding made by the trial court and must presume that the evidence was sufficient. Also, that every fact necessary to support the finding and the judgment, within the scope of the pleadings, was established at the trial. 3 Tex.Jur.2d 703, Appeal and Error—Civil, § 452, and cases cited therein.

Appellant's third point of error is that the trial court erred and abused its discretion as a matter of law and equity in awarding interest to appellee retroactive to the inception date of appellee's claim. We overrule this point for the same reason we overruled the previous one. Further, the pleadings indicate that the trial court awarded interest as provided by Art. 5070, Vernon's Texas Civil Statutes.

Judgment of the Trial Court is affirmed.