In re OUTRIGGER CLUB, INC., Biscayne South, Inc., 13499 Corporation, Harbor Edge Yacht and Tennis Club, Inc., Bankrupts.

Bankruptcy Nos. 77–171–Bk–NCR–B, 78–988–Bk–JAG–B, 78–989–Bk–WMH–B and 79–864–Bk–SMA–B.

United States District Court,
S. D. Florida.

April 1, 1981.

Levy & Arens and Debra Cohen, Co-counsel for Lifetime Communities Co.

Phillip E. Walker, Miami, Fla., for Creditor, Flink Const. Co.

William Roemelmeyer, Trustee, Miami, Fla.

Linton Lovett, Miami, Fla., for trustee.

Irving Wolff, Miami, Fla., for creditor.

## ORDER DENYING FLINK CONSTRUCTION CORP. CLAIM FOR ATTORNEYS' FEE

THOMAS C. BRITTON, Bankruptcy Judge.

In September, 1974, Flink Construction Corp. filed a Mechanic's Lien against the debtor, Outrigger Club. The following year, it filed a foreclosure action in the State court to foreclose that lien. The action remained pending and undecided when Outrigger was brought into this Court, in February, 1977. Bankruptcy prevented further action in the State court and Flink never requested modification of the Bankruptcy automatic stay. Instead, Flink filed a claim for its lien, making reference to its pending lawsuit. No claim was explicitly made for an attorneys' fee.

On January 12, 1981, a plan of reorganization was confirmed in this Chapter X case. That plan provided for the payment in full of all mechanic's liens perfected against any of the debtors before November, 1976, a provision which clearly embraced Flink. Flink's Claim No. 12 was thereafter paid in the full amount asserted in the claim, $96,921.84. This sum included interest at the rate of 6% in accordance with the Florida Statute which then controlled.

On March 19, 1981, Flink filed a motion for award of attorneys' fees, costs and statutory interest (C.P. No. 1401b), claiming these three items in addition to the sum already received. The trustee and a major creditor have opposed the motion. (C.P. No. 1386a). The parties were heard on March 30, 1981.

At the hearing, Flink abandoned its claim for additional interest. The claim for costs was not articulated in the claim, the motion or the argument before me, and I will also consider that claim abandoned. The claim for attorneys' fees has been op-

posed on several grounds. The trustee argues that the claim is unliquidated and therefore not recoverable under § 57(d) of the former Act and the trustee argues that the claim now comes too late. I disagree. Bankruptcy Rule 307 permits the reconsideration of claims. I treat Flink's motion as one to reconsider its claim. There is no deadline for reconsideration and the trustee concedes there is no basis for laches in this instance. This claim could be readily liquidated, if allowable, and therefore it is not barred by § 57(d).

The trustee's remaining defense is persuasive. Both parties concede that no attorneys' fee would be recoverable unless it is provided by § 713.29, Florida Statutes:

> "In any action brought to enforce a lien under part 1 of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his cost."

The trustee points to a series of Florida decisions construing this provision strictly, one of which I find virtually indistinguishable. *Beach Resorts International v. Clarmac Marine Construction Co.*, Fla.App.1976, 339 So.2d 689.

In that case, plaintiff sued to foreclose a mechanic's lien. His contract contained an arbitration clause. Defendant demanded arbitration and plaintiff acceded. Plaintiff prevailed in the arbitration and returned to the State court for a judgment in the amount of the arbitration award and for a fee under § 713.29. He obtained both. The Third District reversed, holding that a claimant is not entitled to attorneys' fees under the section, notwithstanding that he ultimately prevails in the case, "unless the mode and substance of his recovery is as expressly provided for within the lien law itself", and that plaintiff's recovery did not expressly fall within the provision of the section. The court said:

> "Here there was no recalcitrance on the part of Beach Resorts to submit payment of the arbitration award to Clarmac. For that reason no enforcement was needed and the application of a mechanic's lien

was unnecessary. Mills, supra. In fact, Clarmac accepted payment in the amount of the award, specifically reserving its claim to attorney fees. Payment of the arbitration award and acceptance of the same constituted settlement of the real controversy between the parties. Therefore, the mode and substance of Clarmac's recovery was defined by the Arbitration Code and not the Mechanic's Lien Law. Emery, supra."

To make this analysis directly applicable here would require merely the substitution of bankruptcy for arbitration. That substitution affords no basis to reach a contrary conclusion. There is no indication that the Florida courts have adopted or would now adopt a more liberal application of the statute. This court is, of course, bound in this instance by State law.

Flink's motion is denied.