**EFFICIENT ENERGY SYSTEMS, INC., Appellant,**

v.

**J. HOYT KNIVETON, INC., Appellee.**

**No. 7125.**

Court of Appeals of Texas, El Paso.

Feb. 24, 1982.

Robert L. Evans, Jr., P. C., Richard D. Davis, Midland, for appellant.

W. C. McDonald, Fort Stockton, for appellee.

Before STEPHEN F. PRESLAR, C. J., and OSBORN and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a judgment foreclosing a mechanics and materialman's lien on oil and gas properties in the amount of $13,106.45, and awarding attorney's fees of $4,000.00. We affirm the foreclosure of the lien, and reverse as to the attorney's fees.

Between December 11, 1979 through February 6, 1980, Appellee, J. Hoyt Kniveton, Inc., performed certain well services under an oral contract with Levens Corporation on property owned by Levens Corporation, known as the White and Baker A and C Leases and the White and Baker Well No. 6. Upon the failure of the Levens Corporation to pay the invoices for these services, Appellee filed its affidavit for a mechanics and materialman's lien under the provisions of Article 5473 et seq., Tex.Rev.Civ.Stat. Ann. This filing was on May 14, 1980, and, on May 16, 1980, the Levens Corporation sold the leasehold interest involved to Appellant, Efficient Energy Systems, Inc. In October, 1980, Appellee filed this suit against both Appellant and the Levens Corporation for foreclosure of its lien, but, by the time of trial, Levens Corporation was in bankruptcy and Appellee elected to proceed only against Appellant, Efficient Energy Systems, Inc. After trial to the court without a jury, the court determined that Appellee had a valid materialman's lien against the described leasehold interest, and foreclosure was ordered with an order of sale directing the sheriff to seize and sell the property, and, out of the proceeds, to pay first the costs and then the sum of $13,106.45 with interest thereon at the rate of 6% per annum from December 11, 1979, to Plaintiff, the payment of the sum of $4,000.00 as attorney's fees to inure to the benefit of the Plaintiff's attorney, with the balance of any remaining after such sale to be paid over to the Defendant.

■ Appellant's first two points of error are legal and factual sufficiency complaints asserting that recovery against it is improper because it is a stranger to the debt between Appellee and the Levens Corporation. Under these points of error, it also argues that recovery cannot be had against the Levens Corporation because, at the time of trial, it was in bankruptcy and the debt which is the basis of Appellant's lien would therefore be discharged by the bankruptcy. We are unable to agree with Appellant's position because, in the first place, personal judgment was not rendered against Appellant, and, secondly, Appellant misconceives the nature of the suit. Appellee's cause of action was for foreclosure of its mechanics and materialman's lien. The bankrupt Levens Corporation was not concerned because it had long since disposed of this property before bankruptcy occurred. A mechanic's lien is defined as a lien created by law on real estate, and the improvements thereon, to secure persons who, within the intent of the law, have labored or furnished material, machinery, fixtures, or tools to erect or repair the improvements. 38 Tex.Jur.2d *Mechanics' Liens*, sec. 1 at 537. Appellee attached this lien to the land here involved on May 14, 1980. Assignment of the property to Appellant was made on May 16, and filed of record on May 19. At the time of its bankruptcy, the Levens Corporation had no interest in the land. Appellant purchased it with the lien of record and the title it acquired was subject to such lien if it were, in fact, a valid lien. This was a pure and simple suit for foreclosure of the lien and not a suit on sworn account. Appellant is correct when it says that it has not assumed payment of the Levens Corporation's debt, and it is not personally liable for such debt, and the only judgment which can be rightfully obtained against it is foreclosure of the lien on the property. *Garza v. Hammond*, 39 S.W. 610 (Tex.Civ.App. 1897, writ ref'd); *Brooks v. Erbar*, 186 S.W.2d 372 (Tex.Civ.App.—Eastland 1945, writ ref'd w. o. m.). Appellee could rightfully seek and obtain a foreclosure of its lien even though Appellant was not personally liable. The points of error are overruled.

■ Appellant's third and fourth points of error attack the trial court's award of attorney's fees. There is no provision in Texas statutes for an award of attorney's fees in connection with foreclosure of a mechanics and materialman's lien in the absence of an agreement between the parties as to such attorney's fees. *See:* Helm, *Establishment and Priority of Liens for the Development and Improvement of Real Estate*, 20 Baylor L.Rev. 387 (1968) and cases cited therein. Article 2226, Tex.Rev.Civ. Stat.Ann., provides for the recovery of reasonable attorney's fees by "any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished . . . ." Article 2226 is not applicable here because Appellant was not the person to whom the material was furnished or services rendered. "The law is that Article 2226, V.A.C.S. was intended to, and only applies to, claims for personal services rendered, labor done, or materials furnished by the claimant for and/or to the person or corporation against whom the claim is being asserted. *See: Tenneco Oil Company v. Padre Drilling Company*, 453 S.W.2d 814 (Tex.1970); *Long v. Smith*, 466 S.W.2d 32 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *University State Bank v. Gifford-Hill Concrete Corporation*, 431 S.W.2d 561 (Tex.Civ. App.—Fort Worth 1968, writ ref'd n. r. e.)." *Dowdy v. Hale Supply Company*, 498 S.W.2d 716 (Tex.Civ.App.—Fort Worth 1973, no writ). Since the materials and services involved were not furnished by the Appellee to Appellant, we hold the court was in error in awarding attorney's fees.

■ By points of error five through eight, Appellant asserts that the evidence was legally and factually insufficient to show that the labor and materials were furnished to the leasehold interests in Pecos County as alleged. We overrule these contentions because there is ample evidence for purposes of establishing the validity of a lien on the leasehold estates involved. Appellee placed in evidence his affidavit of

lien which describes the three leases involved: the White and Baker "A" lease, the White and Baker "C" lease, and the White and Baker No. 6. Opposite each was set out the value of the services and equipment furnished for that lease, and Appellee's president identified from the witness stand each invoice, and testified as to its correctness and value, time of rendition of the services, and the fact of non-payment. He testified that the services were all performed under contract with the Levens Corporation and that the total of the invoices was the same as that alleged in the pleadings and affidavit, $13,106.45. Additionally, Appellee offered into evidence, without objection, his original petition with Exhibit A attached which contained all of the invoices which described in some detail the services performed and the price for each such service or item, and the lease on which it was performed. Appellant offered no contradictory evidence. This was not a suit upon a sworn account but was for foreclosure of a lien. The trial court, in its findings of fact, found that the work had been performed on wells situated in Pecos County on leases known as the White and Baker A and C, and White and Baker Lease No. 6, that same was done under contract between the parties and that the aggregate sum of $13,-106.45 was the value of the services performed upon the Appellant's leases. The findings are substantiated by the evidence.

■ Appellant urges error in the court's ordering that the sheriff seize all property located on the described premises for execution purposes, and that the court erred in directing the sheriff to place a purchaser of property in possession. The leasehold interests were described in the pleadings, affidavit of lien, and in the judgment.

(a) *White and Baker "A" Lease* being in Section 88, Block 194, TC & SF Ry. Co. Survey, Pecos County, Texas, containing 337.56 acres and being 2,015 feet from the North line and 1,025 feet from the East line of said Section.

(b) *White and Baker "C" Lease* being out of the South One-half of Section 4, Block 207, TC Ry. Co. Survey, Pecos County, Texas, containing 160 acres and being 2,310 feet from the South line and 990 feet from the East line of said Section.

(c) *White and Baker Lease No. 6* being out of the North One-half of Section 4, Block 207, TC Ry. Co. Survey, Pecos County, Texas, containing 320 acres and being 2,310 feet from the North line and 1,650 feet from the East line of said Section.

Appellant would have the judgment spell out only each piece of property that was serviced or worked on, and provide that could be seized, and none other. Not so, as we construe Article 5473 which spells out the contractor's lien and is therefore applicable here. It provides in part that the contractor "shall have a lien on the whole of such land or leasehold interest therein, or oil pipeline, or gas pipeline, including the right-of-way for same, or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials, machinery and supplies so furnished or hauled, and upon all other materials, machinery and supplies owned by such owner . . . and upon all the other oil wells, gas wells, buildings and appurtenances, including pipeline, leasehold interest, and land used in operating for oil, gas and other minerals, upon such leasehold or land . . . ." The leasehold interests are a matter of record; they are described in the judgment, and we see no problem with the executing officer being able to levy on the entire leasehold estate. *Texcalco, Inc. v. McMillan*, 524 S.W.2d 405 (Tex.Civ.App.—Eastland 1975, no writ). In that case, the leasehold interest was three tracts, as is the case here, and it was held that the lien applied to all three tracts. The court cited from *Dunigan Tool & Supply Company v. Burris*, 427 S.W.2d 341 (Tex.Civ.App.—Eastland 1968, writ ref'd n. r. e.), as follows:

"Thus, it is held that under the statutes a lien exists upon an entire tract of land or leasehold interest upon which materials were delivered to or used and if such material was furnished or used on one of two or more tracts which tracts were treated as a unit, the lien exists as to the entire unit."

The judgment was correct in directing the sheriff to place the purchaser of the property in possession. Rule 309, Tex.R. Civ.P., states that judgments for the foreclosure of liens shall be that the plaintiff recover his debt, damages and costs with a foreclosure of the plaintiff's lien on the property subject thereto, and that an order of sale shall issue to any sheriff or constable within the State of Texas directing him to seize and sell the same as under execution. Rule 310 then provides that an order foreclosing a lien upon real estate shall have all the force and effect of a writ of possession, and the officer executing such order of sale shall proceed by virtue of such order of sale to place the purchaser of the property in possession.

We sustain the point of error as to attorney's fees, and all other points of error have been considered and all are overruled. The judgment is reformed to eliminate the recovery of $4,000.00 for attorney's fees, and as so reformed, it is affirmed.