In the Matter of PROVINCETOWN–
BOSTON AIRLINE, INC., a/k/a
PBA, Debtor.

Bankruptcy No. 85–617.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 30, 1986.

Harley Riedel, Tampa, Fla., Paul Moore, Boston, Mass., for PBA.

Sekman Aviation, Miami, Fla., for movant.

Bernard Weksler, Coral Gables, Fla., for Sekman Aviation.

Richard Prosser, Tampa, Fla., for Hugh Culverhouse.

Russell Bogue, Tampa, Fla., for Bank of Boston and Southeast Bank.

Susan Block-Lieb, New York City, for Peoples Express.

## ORDER ON APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES FOR SEKMAN AVIATION CORP., HOLDER OF STATUTORY LIENS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is an Application for Allowance of Attorney's Fees for Sekman Aviation Corp., Holder of Statutory Liens, filed by Bernard B. Weksler (Weksler), attorney for Sekman Aviation Corporation (Sekman). Provincetown-Boston Airline, Inc., a/k/a PBA (PBA), the

Debtor in the above-captioned case, filed an Objection to Allowance of Attorneys' Fees to Counsel for Sekman Aviation Corp. The Court has examined the record, heard arguments of counsel, and now finds and concludes as follows:

PBA filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 13, 1985. Prior to the filing of the Chapter 11 petition Sekman had performed work, provided parts, labor, and materials on three aircraft. All three aircraft were in the possession of Sekman at the time of filing and PBA had not paid Sekman for the labor, parts, and materials. The outstanding unpaid balance on the three aircraft on March 29, 1985, were as follows:

| AIRCRAFT | FAA REGISTRATION NO. | | AMOUNT DUE |
|---|---|---|---|
| Douglass DC–3A | 38PB | | $50,164.87 |
| Embraer Bandeirante | 59PB | | $96,698.69 |
| Douglass DC–3A | 31PB | | $81,351.24 |
| | | TOTAL | $228,214.05 |

On March 26, 1985, PBA filed a Motion to Compel Compliance with § 542, to Provide Adequate Protection, and to Establish Senior Lien in Aircraft in Favor of Sekman Aviation Corp., and Request for Expedited Hearing. On March 29, 1985, Sekman filed an Answer to PBA's Motion to Compel and requested this Court for relief from automatic stay and for leave to proceed with the foreclosure of statutory liens. The Motion for Relief from Automatic Stay and for Leave to File Statutory Lien Foreclosure Actions alleged that Sekman was owed $228,214.05 for labor, services, and materials, plus an indebtedness for interest, storage, and attorneys' fees. PBA's Motion to Compel was dismissed on the procedural ground that it was more appropriately presented in the context of an adversary proceeding.

Immediately thereafter, on April 2, 1985, PBA filed an Adversary Proceeding (Case No. 85–121) styled Complaint to Recover Property and a Motion for Emergency Hearing. The Complaint sought a turnover of the three aircraft. An Emergency Hearing was held by this Court on April 4, 1985.

On May 22, 1985, this Court entered an Order Directing Turnover of Aircraft, Providing for Payment of Post-Petition Charges, Granting Adequate Protection and Preserving Lien. The Order provided in part:

The Court finds that the Defendant Sekman has a lien upon all aircraft in its possession pursuant to Chapter 713 of the Florida Statutes for the amount of repair work completed by it through the date of the hearing on the emergency motion. Although this lien would normally be lost by virtue of surrender of possession pursuant to Florida Statutes, Chapter 713, this Court orders and determines that said lien shall continue to retain the same validity and priority that it had prior to release of possession after the release of possession.

The Order further provided that PBA should commence payments to Sekman through an installment payment plan for the unpaid indebtedness on the two aircraft to be turned over to PBA. The Court expressly retained jurisdiction, in Paragraph 9, for the purposes of: "determining the amount of Sekman's lien, to enter any award of attorney's fees that may be appropriate herein."

On June 10, 1985, this Court entered an Order on Motion for Reconsideration and/or Clarification of Order Directing Turnover of Aircraft, and adjudicated, *inter alia,* that Sekman's lien was superior to post-petition liens granted to Hugh Culverhouse and that PBA owed Sekman the sum of $50,164.87 on aircraft FAA Reg.No. 38PB and $96,698.69 on FAA Reg.No. 59PB, together with interest.

On August 1, 1985, PBA consented to an Order Granting Sekman's Motion for Relief

From Stay and for Leave to Proceed With a Statutory Lien Foreclosure on the third aircraft, FAA Reg.No. 31PB. On August 21, 1985, this Court entered an Order Granting Motion for Relief From Stay and Motion for Leave to Proceed With Foreclosure of Statutory Lien which provided that when consents from PBA and Southeast Bank, N.A. were filed, Sekman was authorized to proceed with the foreclosure of its statutory lien against the aircraft, FAA Reg.No. 31PB. Ultimately, the aircraft was sold at judicial sale at which Sekman purchased the aircraft.

On April 11, 1986, Sekman's counsel, Weksler, submitted an Application for Allowance of Attorney's Fees for Sekman Aviation Corp., Holder of Statutory Liens. This Application is the matter presently under consideration. The Application sought fees in the amount of $35,000.00 and reimbursement for expenses in the amount of $604.35. On June 16, 1986, PBA filed its Objection to Allowance of Attorney's Fees to Counsel for Sekman Aviation Corp.

PBA's objection to attorney's fees of Sekman's counsel raises legal objections that no fees can be allowed as a matter of law pursuant to § 506(b) of the Bankruptcy Code and Florida Statute § 85.011. PBA contends that Sekman's counsel did not keep detailed contemporaneous time records and that the time records had been reconstructed. Moreover, PBA contends that some of the time reflected in the Application related to aircraft FAA Reg.No. 31PB.

Sekman's position as to allowance of attorney's fees for Weksler can be summarized as follows:

(1) The Bankruptcy Court is a Court of Equity;

(2) Sekman is an oversecured creditor entitled to attorney's fees pursuant to 11 U.S.C. § 506(b);

(3) A statutory lienholder is entitled to an attorney's fee pursuant to Chapter 85 of the Florida Statutes;

(4) The automatic stay, 11 U.S.C. § 362(a), prevented Sekman from pursuing state court action and PBA cannot use the shield of § 362(a) as a sword to defeat an application for attorney's fees; and

(5) The case of *In re Outrigger Club, Inc.*, 11 B.R. 127 (Bankr.S.D.Fla. 1981), relied on by PBA is nonapplicable.

In contrast, PBA's objections to attorney's fees can be summarized as follows:

(1) Sekman is not entitled to attorney's fees pursuant to 11 U.S.C. § 506(b);

(2) Sekman is not entitled to any fees under Florida Statute § 85.011(5) for the following reasons:

(A) Sekman would not be entitled to bring an action under § 85.011(5) since its lien includes charges for materials and parts furnished, not just labor performed;

(B) Sekman did not, in fact, file a summary action under § 85.011(5) and cannot claim fees under that statute;

(C) The "mode and substance" of Sekman's recovery was not as provided by statute, thus barring recovery; and

(D) PBA's offers of payment and adequate protection preclude any award of fees in any event

(3) Alternatively, if Sekman were entitled to fees, then the failure to maintain records precludes compensation or in the alternative, the fees sought are excessive:

(A) The burden of proof is upon the applicant to establish the reasonableness and allowability of the requested fees;

(B) Fees awarded under 11 U.S.C. § 506(b) must be reasonable; and

(C) Any application for fees must comply with the normal requirements of the Bankruptcy Court in awarding attorney's fees.

There are three major issues which are presented for disposition herein. First, whether Sekman, a holder of a statutory lien, is entitled to payment of attorney's fees pursuant to § 506(b) of the Bankruptcy Code. Second, whether Sekman is enti-

tled to attorney's fees under § 85.011(5) of the Florida Statutes. Third, whether attorney's fees, if any, should be awarded and specifically what amount should be awarded.

Section 506(b) of the Bankruptcy Code provides as follows:

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

Sekman is a secured creditor, the value of the collateral (two aircraft) was substantially in excess of the amount of Sekman's claims. Sekman places its entitlement to attorney's fees on a Florida Statute related to mechanic's liens. Paragraph 10 of Sekman's Application states:

10. The applicable *Florida Statutes, Chapter 85* provide that Sekman is entitled to recover as part of its secured claim a reasonable amount for attorney's fees expended by Sekman in connection with the enforcement of its repairman's liens.

The statutory language of § 506(b) expressly allows only fees that are provided for under an agreement. "Subsection (b) codifies current law entitling a creditor with an oversecured claim to any reasonable fees (including attorney's fees), costs or charges *provided under the agreement* under which the claim arose." *S.Rep. No. 989, 95th Cong., 2d Sess. 68 (1978)*, U.S. Code Cong. & Admin.News 1978, pp. 5787, 5854 (emphasis added). Arguably, fees arising under a statute, rather than under an agreement, are not entitled to allowance under § 506(b).

██ It should be noted that the aircraft FAA Reg.No. 31PB was never returned to PBA and was sold at a judicial sale, therefore, the first requirement of § 506(b) was not satisfied since the value of the collateral did not exceed the amount of Sekman's

claim. Thus, fees with respect to aircraft FAA Reg.No. 31PB could not be awarded because Sekman was undersecured as to that collateral.

██ The Bankruptcy Code provides the statutory authority for payment of fees under § 506(b). The Bankruptcy Code does not authorize payment of attorney's fees where, as here, there is no consensual security agreement providing for the creation of a lien. When the lien arises by statute, the secured party is placed in a superior position to that of unsecured creditors, but this improved position does not extend to the payment of fees under § 506(b).

Sekman's secured status arises under Part II of the Florida Statutes creating mechanics' liens. *Fla.Stat.* §§ 713.50–713.78 (1985). Part II, unlike Part I, provides no allowance for attorney's fees. Section 85.011 provides the procedure for enforcement of statutory liens and as indicated *supra,* Sekman relies upon this section to support its entitlement to fees. The attorney's fee provision under § 85.011 is very narrow and would not be allowed under any of the first four subsections. Accordingly, Sekman relies particularly on § 85.011(5).

Section 85.011(5)(a) requires the filing "in the court having jurisdiction of the amount of the lien claimed," a Complaint describing the property and which states facts authorizing or creating the lien, and then the claimant is entitled to a summary proceeding provided for under Florida Statute § 51.011. Section 85.011(5)(b) mandates that in the event the issues are found in the plaintiff's favor, judgment shall be entered for the amount found to be due with fifteen percent attorney's fees and costs. Based on the obligation of PBA to Sekman on the two aircraft in the sum of $146.853.56, the 15% fee would be $22,029.53.

In the instant case, Sekman's lien claims encompass charges for both materials and for labor of Sekman employees. The literal reading of Subsection (5) refers *only* to liens for labor performed and landlord's

liens. It is clear that Sekman's claim includes claims for parts and materials which are specifically and clearly excluded from Subsection (5). As to Sekman's labor, the lien could be enforced under Subsection (5), however, no clear delineation between labor and materials has been made. Moreover, Sekman could not file a summary proceeding as required by statute and, therefore, cannot assert any claim for fees pursuant to § 85.011 of the Florida Statutes.

PBA maintains that the proper "mode and substance" of Sekman's recovery was pursuant to §§ 361 and 542 of the Bankruptcy Code and *not* under the lien enforcement statute. Apparently, § 85.011(5) has not been addressed previously by a Bankruptcy Court, but courts have addressed the much broader provision for attorneys' fees under Part I of the mechanics' lien statute. *Fla.Stat.* § 713.29. In the case of *In re Outrigger Club, Inc.*, 11 B.R. 127 (Bankr.S.D.Fla.1981), the court considered a claim for attorney's fees. In that case, the lienor had actually filed a state court foreclosure action prior to the filing of the bankruptcy petition in order to try and enforce its lien. The Bankruptcy Court held that the "mode and substance of his recovery" was not of the nature expressly provided for within the lien law itself and disallowed the claim for attorney's fees. In contrast, Sekman seeks to distinguish the *Outrigger* case on the following grounds:

The creditor in that case never requested modification of the automatic stay. Instead, the creditor filed a claim for its lien, making reference to the pending lawsuit. No claim was expressly made for attorney's fees. In this case Sekman has continuously, as is evidenced by the record, made a claim for attorney's fees. It is clear from reading the *Outrigger* case that the mechanics' lien creditor voluntarily elected to pursue remedies in the bankruptcy court, not the state court, and that the claim filed in the bankruptcy court did not include attorney's fees. The creditor also received full payment of his claim. In the case at bar, Sekman has persistently attempted to enforce its statutory lien. Sekman, however, was unable to obtain relief from the automatic stay provision of § 362(a) and unable to obtain leave to foreclose the lien(s) in state court. This court by order protected Sekman's possessory statutory lien on the two aircraft and Sekman has never withdrawn its claim for attorney's fees.

■ The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a), prevented Sekman from filing a summary procedure in state court and, in fact, compelled Sekman to bring all actions in this Court. A Debtor-in-Possession is protected after filing a Chapter 11 petition by the automatic stay provision until a plan is confirmed. *In re Johnson*, 756 F.2d 738 (9th Cir.1985); *see also In re BBT*, 11 B.R. 224, 232 (Bankr.D.Nev.1981). Sekman filed several motions to seek relief from the automatic stay. In the face of the automatic stay, Sekman's hands were tied and it could not have filed a complaint in state court to foreclose its liens.

■ The overall issue presented herein is whether PBA or Sekman should pay Weksler's attorney's fees. Bankruptcy courts are inherently courts of equity with broad remedial powers and equitable principles govern the exercise of bankruptcy jurisdiction. *In re Ranch House of Orange—Brevard, Inc.*, 773 F.2d 1166 (11th Cir.1985); *In re Briggs Transportation Co.*, 780 F.2d 1339 (8th Cir.1985). In this case, the Court finds that Sekman should receive an award of reasonable attorney's fees from PBA.

■ Sekman claims entitlement to fees based on a modified contingency fee basis that its counsel, Weksler, had negotiated with it. The final determination that must be made is the exact amount of attorney's fees to be awarded to Sekman's counsel. The burden of proof is upon the applicant to establish the reasonableness and allowability of the requested fees. *In re Tolan*, 41 B.R. 751, 754 (Bankr.M.D.Tenn.1984). An application for fees must comply with the normal requirements of the Bankruptcy Court in awarding attorney's fees. It is

clear that Sekman and its counsel were entitled to enter into a contingency fee arrangement. Sekman's counsel is required to keep contemporaneous time records, even though such records were not required as between Weksler and Sekman. It is without dispute that Weksler has reconstructed the necessary time records required by this Court.

█ In its Application Sekman seeks allowance of attorney's fees in the amount of $35,000.00. The Application indicates that Sekman and Weksler verbally agreed to an hourly rate of $150.00 per hour and that subsequently the parties agreed to a contingent fee of one-third of the gross recovery. The Application states that Weksler spent 148 hours on this matter. PBA has calculated the itemized hours and arrived at a total of 104 hours. This Court's calculation as determined from the Application is 123 hours expended by Weksler for Sekman. The hourly fee of $150.00 multiplied by 123 hours totals $18,450.00. Weksler seeks to justify the $35,000.00 figure in part on the contingent fee arrangement with Sekman. Weksler also seeks reimbursement for expenses in the amount of $604.35.

Based on the foregoing, this Court finds that attorney's fees shall be awarded to Weksler, Sekman's counsel, in the amount of $15,600.00 and expenses in the amount of $604.35 to be paid by PBA.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application for Allowance of Attorney's Fees for Sekman Aviation Corp., Holder of Statutory Liens be, and the same is hereby, granted and attorney's fees shall be awarded to Sekman's counsel, Weksler, in the amount of $15,600.00 together with expenses in the amount of $604.35. It is further

ORDERED, ADJUDGED AND DECREED that the Objection to Allowance of Attorney's Fees to Counsel for Sekman Aviation Corp. be, and the same is hereby, overruled.