**In the Matter of PROVINCETOWN–
BOSTON AIRLINE, INC., a/k/a
PBA, Debtor.**

**Bankruptcy No. 85–617.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 20, 1987.

See also, Bkrtcy., 66 B.R. 632.

Harley Riedel, Tampa, Fla., for debtor.

Bernard Wexler, Coral Gables, Fla., for
Sekman.

**ORDER ON MOTION FOR CLARIFICA-
TION OR REHEARING OF ORDER
ON APPLICATION FOR ALLOW-
ANCE OF ATTORNEYS' FEES FOR
SEKMAN AVIATION CORP., HOLD-
ER OF STATUTORY LIENS**

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration
upon notice and hearing of a Motion for
Clarification or Rehearing of an Order
heretofore entered on Application for Al-
lowance of Attorneys' Fees of Sekman Avi-
ation Corp. The Motion is filed by Prov-
incetown-Boston Airline, Inc., the Debtor of
the above-captioned Chapter 11 case (Debt-
or). The Debtor seeks a reconsideration of
this Court's Order entered on October 30,
1986, in which this Court ruled that Sek-
man Aviation Corp. (Sekman) was not enti-
tled to any award of attorneys' fees under
§ 506(b) of the Bankruptcy Code because
the lien claimed by Sekman was not a con-
sensual lien and Sekman was not entitled
to assert any claim for attorney fees pursu-
ant to *Fla.Stat.* § 85.011. Nonetheless,
this Court relied on its equitable powers
and awarded $15,600.00 in fees and $604.35
in costs to Sekman.

The Debtor has moved for rehearing of
the award of attorneys' fees alleging that

although it is conceded that the bankruptcy court as a court of equity may exercise its equity jurisdiction under special circumstances, it may not exercise its equitable powers to grant relief which is inconsistent with any specific provision of the Bankruptcy Code. The Debtor asserts that since the Bankruptcy Code contains a specific statutory provision dealing with the fees sought by Sekman, § 506(b), and since Sekman is not entitled to fees pursuant to § 506(b), the Court erred in relying on its equitable powers to award fees to Sekman when Sekman did not qualify for attorneys' fees under the Bankruptcy Code.

A review of the case law applicable to this issue leads to the conclusion that this Court did, in fact, err in relying on its equitable powers to award attorneys' fees when there was no statutory basis for such an award. In *Johnson v. First National Bank of Montevideo, Minnesota*, 719 F.2d 270 (8th Cir.1983), the Eighth Circuit Court of Appeals held that although a bankruptcy court is a court of equity and should apply general principles of equity, the equitable powers of the Court "may only be exercised in a manner which is consistent with the provisions of the Code." *Johnson, supra*, at 273. Since the award of attorneys' fees is governed by specific Code provisions, the bankruptcy court's sole source of power to award fees is in the Code, and the bankruptcy court cannot rely on its equitable powers to go outside the limits imposed by the provisions of the Code. *See, In re United Merchants and Manufacturers, Inc.*, 674 F.2d 134 (2d Cir.1982); *In re Pirsig Farms*, 46 B.R. 237 (D.Minn.1985).

Based on the foregoing, this Court is satisfied that it was inappropriate for this Court to invoke its equitable powers to award attorneys' fees to Sekman when Sekman was not entitled to attorneys' fees under the applicable provisions of the Bankruptcy Code. Therefore, the Motion for Clarification or Rehearing should be granted and the Order on Application for Allowance of Attorneys' Fees should be amended to vacate the award of attorneys' fees and costs to Sekman Aviation Corp.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Clarification or Rehearing of Order on Application for Allowance of Attorneys' Fees for Sekman Aviation Corp., Holder of Statutory Liens, be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Order on Application for Allowance of Attorneys' Fees for Sekman Aviation Corp., Holder of Statutory Liens, entered October 30, 1986, be, and the same is hereby, amended to provide that the Objection to Allowance of Attorneys' Fees be, and the same is hereby, sustained and the Application for Allowance of Attorneys' Fees for Sekman Aviation Corp., be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the award of attorneys' fees and costs to Sekman's counsel, Bernard Wexler, be, and the same is hereby, vacated.