**In re HABER OIL CO., INC. and Jay D. Haber, Debtors.**

**In re R & R DOZERS, INC., T & O Oil Field Service, Greg Estes d/b/a AA Roustabouts, Henderson Trucking, Inc., E.J. Campbell Dozer Service, Inc., and Sterling Sloss, Movants.**

**Bankruptcy Nos. 287–20131, 287–20130.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Feb. 9, 1988.

Joseph C. Elliott, Plunkett, Gibson & Allen, San Antonio, Tex., for Haber Oil Co., Inc.

Craig H. Cavalier, Maddox, Perrin & Kirkendall, Houston, Tex., for Jay D. Haber.

Coleman Young, Culton, Morgan, Britain & White, Amarillo, Tex., for claimants.

## MEMORANDUM OF OPINION ON MOTION TO ALLOW ATTORNEY'S FEES PURSUANT TO § 506(b)

JOHN C. AKARD, Bankruptcy Judge.

On November 18, 1987 the Court heard argument on a Motion to Allow Attorney's Fees Pursuant to § 506(b) brought by R & R Dozers, Inc., T & O Oil Field Service, Greg Estes d/b/a AA Roustabouts, Henderson Trucking, Inc., E.J. Campbell Dozer Service, Inc., and Sterling Sloss (Movants). Movants were successful Mechanic's and Materialmen's lien claimants at a prior hearing held in the captioned proceedings. The parties submitted briefs on the issue.

### ISSUE

The issue before the Court is: Does the language of § 506(b) of the Bankruptcy Code permit an award of attorney's fees to successful M & M lien claimants?[1]

### FACTS

Movants performed services on oil and gas wells operated by the Debtors, Haber Oil Company, Inc. and Jay D. Haber. The Debtors filed Chapter 11 Petitions and Movants were not paid. Movants then filed oil and gas mechanic's liens pursuant to § 56.001 of the Texas Property Code as well as proper proofs of claim in each bankruptcy proceeding. Subsequently, Movants filed Motions to Modify Stay. After hearing, by Order signed September 24, 1987, the Court directed the Debtors to pay Movants' claims. Movants now seek payment of the attorney's fees and costs they incurred in the bankruptcy proceedings.

### DISCUSSION

#### State Law

Counsel for Movants' argument for an award of attorney's fees centers around state law. Movants assert that under § 38.001 et seq. of the Texas Civil Practice and Remedies Code (Vernon 1986)[2], Texas law "reads" attorney's fees into written or oral contracts, whether they actually provide for them or not. Further, Movants argue that federal law would not pre-empt state law on the subject if the two can be reconciled, citing Butner v. United States, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Movants then conclude that if § 506 is read broadly both state and federal law may be accommodated in this instance.

In Butner, supra, the United States Supreme Court held that the Bankruptcy Act generally left the determination of property rights in the assets of a bankruptcy estate to state law. Accordingly, the Butner Court found that the law of the state where the property is located governed a mortgagee's right to rents during bankruptcy. Thus, the Bankruptcy Court gave the mortgagee the same protection that he would have under state law. Id. The United States Constitution, Article 1, § 8, gives federal law a superior position to state law, to the extent that state law conflicts with it. Id. at 54 n. 9, 99 S.Ct. at 918 n. 9. However, the Court stated that the Bankruptcy Act (now the Code) "enforces the laws of the states affecting dower, exemptions, the validity of mortgages, priorities of payment and the like." Id. The Butner Court nowhere addressed the matter of the laws of the states affecting attorney's fees.

The Movants now asking for attorney's fees filed their liens pursuant to § 56.001 et seq. of the Texas Property Code. Where the provisions of the statute are met, the mineral contractor's or subcontractor's lien secures payment for labor or services related to the mineral activities. Chapter 56 of the Texas Property Code makes no provision for payment of attorney's fees incurred to enforce or collect on a mineral lien.

Section 38.001 of the Texas Civil Practice and Remedies Code provides that a person may recover reasonable attorney's fees

---

1. The Bankruptcy Code is 11 U.S.C. § 101 et seq. References to section numbers are references to sections in the Bankruptcy Code.

2. Formerly Article 2226 of the Revised Civil Statutes of Texas.

from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: (1) services; (2) performed labor; (3) furnished material; (4) freight or express overcharges; (5) lost or damaged freight or express; (6) killed or injured stock; (7) a sworn account; or (8) an oral or written contract. In *Bosley v. Pease*, 22 S.W. 516 (Tex.Civ.App.—1893) the Court held that an attorney's fee could be collected in a suit to enforce a mechanic's lien. However the suit in *Bosley* was based on a note which provided for payment of attorney's fees "if collected by law." *Id.* at 519. In a more recent case, the Texas Supreme Court held that although a subcontractor might hold a valid mechanic's lien against the owner's property, where the contractual relationship is with the contractor rather than the owner, the subcontractors were not entitled to attorney's fees arising out of liquidation involving their liens. *First National Bank in Graham v. Sledge*, 653 S.W.2d 283 (Tex. 1983). In *Shivers v. Feuhs*, 438 S.W.2d 585, (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.) the court held that former Article 2226 authorized recovery of attorney's fees in an action for labor and materials furnished under an oral contract. However, that decision was limited to a fact situation in which the Plaintiff made a formal demand in writing on the Defendant more than 30 days prior to bringing his suit and the Defendant did not pay. In the instant case, no evidence was presented to the Court of any agreement, written or oral, which called for payment of attorney's fees.

In *Efficient Energy Systems, Inc. v. J. Hoyt Kniveton, Inc.*, 631 S.W.2d 538 (Tex. App.—El Paso 1982, no writ), the El Paso Court of Appeals held that the Texas Statutes do not provide for an award of attorney's fees in connection with foreclosure of a mechanic's and materialmen's lien in the absence of an agreement between the parties as to such attorney fees. *Id.* at 540. Although the Court went on to state that Article 2226 might have provided for attorney fees it was not applicable in that case "because Appellant was not the person to

whom the material was furnished or services rendered." *Id.*

The Texas attorney's fee statutes are to be accorded a liberal construction. See *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981) and § 38.005 Texas Civil Practice and Remedies Code (Vernon, 1986). The Fifth Circuit recognized this liberal construction when it affirmed an award of attorney's fees to a general contractor in *Preload Technology, Inc., v. A.B. & J. Construction Company, Inc.*, 696 F.2d 1080 (5th Cir.1983).

In *Blackburn–Bliss Trust v. Hudson Shipbuilders (In re Hudson Shipbuilders)*, 794 F.2d 1051 (5th Cir.1986), Blackburn–Bliss claimed attorney's fees pursuant to § 506(b). Blackburn–Bliss was a secured creditor holding Hudson's promissory note which called for payment of attorney's fees in the event default on the note resulted in collection efforts by the holder's attorneys. The Fifth Circuit agreed with the Fourth and Ninth Circuits in *Unsecured Creditors' Committee v. Walter R. Heller & Company Southeast, Inc.*, 768 F.2d 580 (4th Cir.1985), and *In re 268 Limited*, 789 F.2d 674 (9th Cir.1986) when it held that federal rather than state law applies to the enforcement of attorney's fee provisions in connection with secured claims in bankruptcy. *Id.* at 1056. *Accord, Johnson–Allen v. Lomas and Nettleton Co., (In re Johnson–Allen)*, 67 B.R. 968 (Bankr.E.D.Pa.1986) (holding that attorney's fees awarded pursuant to § 506(b) were to be determined in accordance with the parties' agreement and federal bankruptcy law). Therefore, Movants' reliance on state law is misplaced.

### Bankruptcy Code

Section 506(b) provides as follows:

To the extent that an allowed secured claim is secured by property, the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for *un-*

*der the agreement* under which such claim arose (emphasis added).

The Movants cite *Heller, supra,* as authority for the proposition that § 506(b) permits an award of attorney's fees to an oversecured creditor. However, *Heller* is distinguishable from the instant case. Heller was an oversecured creditor who held a promissory note which provided for all costs of collection including reasonable attorney's fees. Additionally, Heller filed a proof of claim in the amount of the unpaid balance of the note plus interest, costs, expenses and attorney's fees. The *Heller* Court simply held that § 506(b) allows attorney fee agreements to be enforced even though they fail to comply with state law. It is important to note that the attorney's fees sought in *Heller* were based on a written agreement. Movants' reliance on *Heller* to support their position is misplaced.

The statutory language of § 506(b) allows only fees provided for under an agreement. *In re Provincetown—Boston Airline, Inc.,* 67 B.R. 66 (Bankr.M.D.Fla.1986) *reversed on other grounds,* 73 B.R. 43 (Bankr.Fla.1987). Legislative history on § 506(b) supports this conclusion. "Subsection (b) codifies current law entitling creditor with an oversecured claim to any reasonable fees (including attorney's fees), costs or charges *provided under the agreement* under which the claim arose". S.Rep. No. 989, 95th Cong., 2d Sess. 68 (1978, U.S.Code Cong. & Admin.News 1978, at 5787, 5854 (emphasis added).

■ In the instant case Movants cannot rely on § 38.001 of the Texas Civil Practices and Remedies Code because to the extent it does not require an agreement, it is directly in conflict with § 506(b). In addition to the language of § 506(b), which specifically requires an agreement, this conclusion is supported by *In re B & W Management, Inc.,* 63 B.R. 395 (Bankr.D. Dist.Col.1986). In that case, the Court noted that § 506(b) is an exception to the "American Rule" which requires parties to bear their own attorney fees. *Id.* at 401. The Court then held that § 506(b) permits

secured creditors to recover their attorneys' fees "provided that the requirements of the statute are met: (1) the underlying security agreement or mortgage provides for such fees; (2) the value of the collateral exceeds the amount of the principal debt, accrued interest, and fees sought; and (3) the fees are reasonable." *Id. Dalessio v. Pauchon (In re Dalessio),* 74 B.R. 721 (9th Cir. BAP 1987), citing the legislative history of § 506(b), the Panel held that a Bankruptcy Judge does not have discretion to deny an award of attorney's fees pursuant to § 506(b) when the underlying agreement provided for fees and the creditor was oversecured; the award, however, was limited by that section's "reasonable fee" requirement. *Id.* at 723. Further support for the requirement of an agreement may be seen by the treatment given the claim of the government on its oversecured prepetition tax lien in *United States v. Ron Pair Enterprises, Inc., (In re Ron Pair Enterprises, Inc.),* 828 F.2d 367 (6th Cir.1987). That case dealt with an appeal from the District Court's order awarding postpetition interest on an oversecured prepetition federal tax lien. The Sixth Circuit stated that it was well established by at least four courts of appeal that allowing the payment of postpetition interest if the claim was oversecured did not apply to liens which were nonconsensual in nature (citing *In re Kerber Packing Co.,* 276 F.2d 245 at 247 (7th Cir.1960); *U.S. v. Mighell,* 273 F.2d 682 at 684 (10th Cir.1959); *U.S. v. Bass,* 271 F.2d 129 at 131–32 (9th Cir.1959); *U.S. v. Harrington,* 269 F.2d 719 at 721–24 (4th Cir.1959)). *Id.* at 371. The Court noted that in such cases the parties had not bargained concerning particular collateral, and the creditor therefore did not have an expectation of receiving interest. *Id.*

Since Section 506(b) of the Bankruptcy Code specifically requires an agreement between the parties before interest or attorney's fees can be awarded, the claimant's request for attorney's fees must be denied.

ORDER ACCORDINGLY.[3]

---

3. This Memorandum shall constitute Findings

of Fact and Conclusions of Law pursuant to

Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.